[Civil No. 720.    Filed March 28, 1900.]
[60 Pac. 870.]

CHARLES G. JOHNSON et al., Defendants and Appellants, v. C. L. CUMMINGS, Plaintiff and Appellee.

1. APPEAL AND ERROR—CONFLICT IN EVIDENCE—FINDINGS—WILL NOT BE DISTURBED.—The appellate court will not disturb the findings of the trial court, where there was abundance of evidence to support the findings and it cannot be said that they are wrong.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellants.

Charles S. Clark, for Appellee.

STREET, C. J.—The appellee brought suit in the district court of Cochise County to recover judgment against Julius Cæsar on a promissory note executed December 13, 1895, for the sum of three hundred dollars, and to foreclose a chattel mortgage given to secure the debt. Appellant, Charles G. Johnson, was made a defendant, under the allegation that he claimed some interest in the property. Johnson set up a claim to the property by virtue of a bill of sale of the property covered by the mortgage, dated December 11, 1895, in which was expressed the consideration of one dollar, and other good and valuable considerations. The cause was tried to the court without a jury, and much evidence was introduced, both to establish and to disprove the claim of Johnson to the property. The finding of the court in that particular was "that the bill of sale, as set forth in the answer of the defendant Charles G. Johnson to the plaintiff's complaint, was executed by defendant Cæsar without consideration, and is void as a conveyance of any part of the mortgaged property as set forth in plaintiff's complaint, and that said defendant has no interest in said mortgaged property in law or equity." And further in that behalf, as a conclusion of law, the court found "that the bill of sale set forth in the answer of defendant Charles G. Johnson to a portion of the personal property described in plaintiff's complaint was executed without consideration, and the same is void as a conveyance."

Appellant's assignments of error all relate to the finding of the issues for the plaintiff and against the appellant, Johnson, and in finding that he had no interest in the property, in law or equity, and that the bill of sale was without consideration. We have looked into the testimony, and we cannot say that the district court was wrong in its findings, but it is possible the findings were the logical sequence of the evidence.

We can say that there was abundance of evidence to support the findings, and, that being the case, the rule of this court is too well settled for us to disturb the findings or reverse the judgment. The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.