[Civil No. 747. Filed March 21, 1901.]

[64 Pac. 425.]

CHARLES GOLDMAN, as Administrator of the Estate of M. Wormser, Deceased, Defendant and Appellant, v. T. L. SHULTZ, Plaintiff and Appellee.

1. APPEAL AND ERROR — CONTRACT — VERBAL — FOR COMMISSION—EVIDENCE—FINDINGS OF FACT—WILL NOT BE DISTURBED ON APPEAL IF ANY EVIDENCE TO SUPPORT—MAIN v. MAIN, ANTE, P. 149, 60 PAC. 888; JOHNSON v. CUMMINGS, ANTE, P. 60, 60 PAC. 870; HENRY v. MAYER, 6 ARIZ. 103, 53 PAC. 590, FOLLOWED.—In a suit on a verbal contract to recover commission for having negotiated a lease of certain property a finding that plaintiff is entitled to a commission of one third of the rent received will not be disturbed on appeal, there being some evidence to support it.

2. BROKERS — COMMISSION — FORECLOSURE — AMOUNT BID AT SALE — MEASURE OF COMMISSION—RENTAL.—Plaintiff negotiated the lease of lands belonging to Wormser, under a verbal contract, providing that he was to receive as his commission one third of the rent per annum. The lessees being $17,500 in default for rent, defendant foreclosed his landlord's lien on a growing crop on the premises for the arrears in rent, and purchased it at foreclosure sale for one thousand dollars. Subsequently defendant sold the crop for $12,500. Plaintiff brought suit to recover one third of this $12,500 paid defendant, claiming that it was part of the balance due on the rent. *Held,* that as the foreclosure sale was made under a judgment against the lessee for the unpaid rental, the one thousand dollars paid should be credited upon the judgment against the lessee for rent, and to that extent was a payment of rent, and plaintiff was entitled to one third of that amount, but that upon the sale the defendant became the absolute owner of the crop, and plaintiff had no further interest therein.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. ¡Webster Street, Judge. Modified and affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

Thomas D. Bennett, for Appellee.

DOAN, J.—This action was brought in the district court of Maricopa County by the appellee as plaintiff against the appellant as defendant. The complaint alleged that during his lifetime M. Wormser, by a verbal contract with the plaintiff, entered into about the 10th of July, 1895, agreed that the plaintiff should negotiate the rental of certain lands belonging to Wormser in Maricopa County, and, in consideration of his services in the leasing of the said premises at the agreed price of three dollars per acre per annum, plaintiff was to be paid and should receive, out of the rental paid thereon, one dollar per acre per annum while said rental continued, unless the said land should be sold through the efforts of the plaintiff. The option granted for the sale of the lands having expired before the trial of this case in the lower court, the appellee elected on the trial to take simply his commission on the rental, and asked that his claim be allowed in that way. The provisions in the pleadings and the statements in the testimony, therefore, relative to the contemplated sale of the land will not be of interest in the consideration of the case here, and will be omitted from the further statement. The complaint alleged, further, that, pursuant to said contract, plaintiff rented for Wormser to J. H. Carruthers about sixteen hundred acres of land, as described in the several leases produced in evidence and appearing in the record; that the whole amount of rentals already paid on account of said leases was the sum of ninety-six hundred dollars for two years' rental, of which sum there would be due plaintiff the sum of thirty-two hundred dollars; that the amount due on said rentals that had not been collected, but for which the estate held security, was twelve thousand five hundred dollars, with interest, of which plaintiff was entitled to commissions amounting to one third thereof; wherefore plaintiff prayed

that his claim be allowed for commissions on the rental of said lands at the rate of one dollar per acre per annum during the time said lands were leased to Carruthers or assigns, contingent upon the collection of the rentals agreed upon.

The facts as established by the evidence and found by the court were substantially as follows: About the first day of July, 1895, M. Wormser, by contract with the plaintiff, agreed that plaintiff should negotiate the rental of certain lands belonging to Wormser, in Maricopa County, and, in consideration of his services in the leasing of said premises at the agreed price of three dollars per acre, the plaintiff, Shultz, should receive one dollar per acre out of every three dollars collected by Wormser; or, in other words, one third of the rental paid by Carruthers or his assigns was to be paid by Wormser to Shultz for procuring the lease. Through plaintiff's negotiations, about sixteen hundred acres of land were leased to Carruthers, at three dollars per acre per annum, and several leases were drawn describing the land and specifying the terms. After Carruthers secured the lease from Wormser, in 1895, he and the Canaigre Company, of which he was general manager, entered into possession of the premises, and planted thereon a large acreage of canaigre. The last lease, executed in 1897, provided that if default be made in payment of the rental, or any part thereof, when the same should become due, it should be proper for the lessor to re-enter the premises, and that the lessor should have a lien upon the crops grown upon the leased premises to secure the rental, and might cause such crops to be seized, if necessary, to pay any rent due and unpaid. Wormser died on the twenty-fifth day of April, 1898, and Goldman was appointed administrator of the estate on the ninth day of May, 1898, and has been ever since acting as such administrator. Before Wormser died, he received from Carruthers or his assigns, as rental on said lands, seventy-two hundred dollars. After Goldman was appointed administrator, he received as rental on said lands twenty-four hundred dollars, and $368.58 interest thereon, which was due under the terms of the lease. In 1899 the lessee, and the Canaigre Company, of which he was general manager, were in arrears on the rental, and suit was instituted by the administrator of the estate for possession of the premises and the foreclosure of the landlord's lien on the crop.

Upon the trial, judgment was rendered against the lessee and assigns for $17,577, and for the foreclosure of the landlord's lien on the canaigre then growing on the land. The canaigre was afterwards sold at sheriff's sale in satisfaction of the above judgment, and Goldman, as administrator, bid it in for the nominal sum of one thousand dollars, and credited the judgment debtors with that amount on the judgment. Afterwards Goldman sold the canaigre that had been purchased at sheriff's sale, under the judgment aforesaid, to some California parties for twelve thousand five hundred dollars, and paid the plaintiff, Shultz, five hundred and fifty dollars commission for effecting the sale. Of this amount, at the time of the trial, six thousand dollars had been paid, and the balance was being paid in monthly installments. No portion of any of the rentals collected had ever been paid to Shultz, who afterwards presented a claim against the estate for one third of ninety-six hundred dollars that had been paid, and for one third of the twelve thousand five hundred dollars for which the canaigre that had been purchased at the sheriff's sale, under judgment against the lessee, had been afterwards sold to the California parties, and on disallowance by the administrator brought this suit.

From these facts, the court held as conclusions of law: That Shultz was entitled to one third of the cash payments that had been made to Wormser and Goldman; that he was also entitled to one third of the net amount realized by the administrator from the sale to the California parties of the canaigre purchased from the sheriff under the judgment of the estate against the lessee and assigns for the unpaid rent, the judgment for the one third of the amount yet uncollected on that sale to be contingent on the collection thereof; that the amount thus due him from the administrator on the cash payments that had been made to Wormser and Goldman was the sum of $3,322.83; that the amount due from the sale by Goldman of the canaigre was the sum of $3,983.33, of which sum $1,816.16 was due absolutely, and $2,166.66 was contingent upon the collection of the sixty-five hundred dollars yet unpaid. From the judgment rendered in accordance with these findings, and the denial of a motion for a new trial, the defendant appeals, and assigns as errors—1. That the court erred in finding as a fact that Shultz was to receive one dollar

per acre out of every three dollars collected by Wormser; 2. That the court erred in finding that Shultz was entitled to one third of the cash payments made to Wormser and Goldman; 3. That the court erred in finding that Shultz is entitled to one third the net amount realized on the sale by the administrator to California parties of the canaigre purchased under judgment against the lessee; 4. That the court erred in rendering judgment for appellee in the sum of $5,139.49 and interest absolute, and the further sum of $2,166.66 contingent, or for any greater sum than at the rate of one dollar per acre for the whole number of acres rented.

While the testimony in regard to the verbal contract between Shultz and Wormser is not entirely satisfactory, it does present some evidence tending to establish the construction of the contract given by the court. The rule of this court, that the findings of the trial court, when supported by evidence, will not be disturbed on appeal, has been uniformly adhered to. *Main* v. *Main, ante,* p. 149, 60 Pac. 888; *Johnson* v. *Cummings, ante,* p. 60, 60 Pac. 870; *Henry* v. *Mayer,* 6 Ariz. 103, 53 Pac. 590; *Webber* v. *Kastner,* 5 Ariz. 324, 53 Pac. 207. The determination of this question sustains the finding next presented, "that Shultz was entitled to one third of the cash payments made to Wormser and Goldman."

Shultz was not, however, entitled to one third of the net amount realized by the administrator from the sale of the canaigre to the California parties. Goldman, as administrator, purchased the canaigre at sheriff's sale for one thousand dollars. That sale was made under a judgment of the court against the lessee and his assigns for the unpaid rental. The proceeds of the sale were a satisfaction to that extent of the judgment. The one thousand dollars paid was credited upon the judgment against the lessee for rent, and to that extent was a payment of rent, and Shultz was entitled to one third of this amount whether Goldman or the estate afterwards realized anything from the canaigre or not. Upon the sale, Goldman, as administrator, became absolute owner of the canaigre, and it is immaterial what disposal he made of it. By its sale, Carruthers having thereby paid one thousand dollars of the rental, Shultz, being entitled to one third of the rent collected, became at once entitled to one third of the one thousand dollars thus paid by Carruthers by the sale of the

canaigre, whether Goldman or the estate ever realized any-
thing from it or not. If Goldman, as administrator, had un-
dertaken to dig, prepare, and ship the canaigre, and the ex-
penses had been more than the receipts, so that the purchase
had proven an entire loss, the judgment against Carruthers
would still be credited with one thousand dollars, for which
Goldman, as administrator, had purchased the property, and
Shultz would be entitled to one third of that amount as com-
mission. The amount credited upon the judgment debt, being
the amount paid on the rental under the lease, is for that rea-
son the measure of the commission to which Shultz is entitled.
That was one thousand dollars, and of that amount he is en-
titled to one third.

The judgment should have been given for $333.33, being
one third of the one thousand dollars paid by Goldman, in-
stead of $3,983.33, given as one third of $11,950, the amount
for which the administrator sold the canaigre, after deducting
five hundred and fifty dollars paid to Shultz as commission
for effecting the sale. This amount, added to $3,322.83 due on
the cash payments that had been made to Wormser and Gold-
man, would aggregate $3,656.16. The judgment will be modi-
fied in this respect. No errors appearing except as above
noted, the case will be remanded to the district court, with
instructions to modify the judgment for the plaintiff, in con-
formity with the views herein expressed, by substituting
$3,656.16 for $5,139.49 as the amount of the absolute judg-
ment, and eliminating therefrom the contingent judgment for
the further sum of $2,166.66; and it is so ordered.

Sloan, J., and Davis, J., concur.