[Civil No. 719.   Filed March 28, 1900.]

[60 Pac. 888.]

## FRANK M. MAIN, Plaintiff and Appellant, v. MRS. FRANCIS MAIN et al., Defendants and Appellees.

1. APPEAL AND ERROR—ASSIGNMENT OF ERROR—MUST BE SPECIFIC—RULE 6, SUBD. 2, OF SUPREME COURT RULES CITED—MILLER v. DOUGLAS, ANTE, P. 41, 60 PAC. 722, FOLLOWED.—An assignment of error that the court erred in overruling a motion for a new trial is too general to be considered on appeal, subdivision 2 of supreme court rule 6 providing that "If the assignment of error be that the court overruled a motion for a new trial, and the motion is based upon more than one ground, the same will not be considered as distinct and specific by this court, unless each ground is separately and distinctly stated in the assignment of errors."

2. SAME—SAME—SAME—MUST STATE FACT RELIED ON TO SHOW ERROR. —Assignments of error are of the nature of allegations in a complaint, and take the place in an appellate court of a complaint in a *nisi prius* court.   Each assignment of error must state some fact relied upon, and an assignment that the court erred in finding the issues for the defendants is too general.

3. APPEAL AND ERROR—JUDGMENT—GENERAL FINDING OF ISSUES WILL SUPPORT—WHEN—DAGGS v. HOSKINS, 5 ARIZ. 300, 52 PAC. 357, FOLLOWED.—A general finding of the issues in favor of the defendants sufficiently supports a judgment, the decree being based upon defensive matter, and not affirmative matter pleaded in a cross-complaint.

4. HUSBAND AND WIFE—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND TO WIFE—SEPARATE PROPERTY—PAR. 2102, REV. STATS. ARIZ. 1887, CONSTRUED.—Under the statute, *supra,* making property acquired during coverture the common property of the husband and wife, and empowering the husband only to dispose of it during the coverture, a conveyance of community property from the husband to the wife changes its character from community to the separate property of the wife.

5. FINDING OF FACT—SUPPORTED BY EVIDENCE—WILL NOT BE DISTURBED. —There being evidence to support a finding of fact, it will not be disturbed by an appellate court.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Santa Cruz. George R. Davis, Judge.   Affirmed.

The facts are stated in the opinion.

Barnes & Martin, and C. W. Wright, for Appellant.

If at the time the husband delivered the deed to his wife it was the intention to make her a present of his interest in the property, then it thereby became her sole property. But, on the contrary, if it was his intention when he made the conveyance to save her the expense and trouble of administering on his estate, he then contemplating a hazardous journey into a foreign country where his life was believed by him to be imperiled, and his intent not then being to have the property lost to the community, then the conveyance did not make the property the separate property of the wife. And so, too, if he was threatened with a blackmailing suit, and to protect his property from this suit and its possible evil consequences, he made the conveyance, not intending at the time to change the character of the property from community into separate property, then the property was not lost to the community.

In a word, it is the intention of the grantor at the time the deed is made that will control its effect. *Peck* v. *Vandenberg,* 30 Cal. 21; *Higgins* v. *Higgins,* 46 Cal. 264; *Wedel* v. *Herman,* 59 Cal. 516; *Taylor* v. *Opperman,* 79 Cal. 468, 21 Pac. 869; *Brison* v. *Brison,* 90 Cal. 323, 27 Pac. 186; *Higgins* v. *Johnson,* 20 Tex. 393, 70 Am. Dec. 394; *Story* v. *Marshall,* 24 Tex. 306, 76 Am. Dec. 106; *Wright* v. *Wright,* (Cal.) 41 Pac. 695.

S. M. Franklin, for Appellees.

"When the husband conveys property to his wife, whether it be his separate property or community property, the conveyance operates to vest the title in the wife as her separate estate." *Wright* v. *Wright,* (Cal.) 41 Pac. 695; *Burkett* v. *Burkett,* 78 Cal. 310, 12 Am. St. Rep. 58, 20 Pac. 715; *Taylor* v. *Opperman,* 79 Cal. 468, 21 Pac. 869; *Oakes* v. *Oakes,* 94 Cal. 66, 29 Pac. 330.

The *prima facie* presumption arising from a deed of a husband to a wife conveying to her community property is that it was intended to change its character from community to separate property of the wife. *Story* v. *Marshall,* 24 Tex. 306, 76 Am. Dec. 106; Platt on Property Rights of Married Women, sec. 34; *Taylor* v. *Opperman,* 79 Cal. 471, 21 Pac. 869.

"Where property purchased with community funds was

conveyed to the wife by direction of the husband, and with the intent that it should become her separate estate, the conveyance operates as a gift from him to her. *Wright* v. *Wright*, (Cal.) 41 Pac. 695; *Peck* v. *Brummagim*, 31 Cal. 358; *Woods* v. *Whitney*, 42 Cal. 358; *Higgins* v. *Higgins*, 46 Cal. 259; *Read* v. *Rahm*, 65 Cal. 343, 4 Pac. 111. If a wife obtains a deed from her husband conveying to her all his or the community property, such deed being executed in consideration of a parol promise to reconvey, a violation on her part of the parol promise is constructive fraud, and she will be held to her agreement; but the evidence of such agreement must be clear, satisfactory, and conclusive. *Brison* v. *Brison*, 90 Cal. 323, 27 Pac. 186; *Hunter* v. *Hunter*, (Tex. Civ. App.) 45 S. W. 820.

STREET, C. J.—On May 31, 1899, the appellant, Frank M. Main, brought action in the district court of the first judicial district, county of Santa Cruz, against the appellees, to have certain property described in his complaint decreed to be community property, and to have a certain deed executed by appellee Francis Main to appellee Mary Marsh annulled. At the time of the commencement of the action appellant, Frank M. Main, and appellee Francis Main were husband and wife, and had been ever since the year 1867. Appellee Mary Marsh was the daughter, issue of said marriage, and George B. Marsh was her husband. The property described in the complaint was lot 1, block 10, lots 10 and 11, block 6, lots 1, 2, and 3, block 7, and an undivided one-half interest in lot 11, block 2; all in the town of Nogales, county of Santa Cruz. The title to said property stood in the name of the plaintiff, Frank M. Main, except lot 10, block 6, and lot 2, block 7, which last-named lots were in the name of the wife, and had never been in the name of the husband, conveyances having been made direct to her from former owners. On the twentieth day of February, 1894, the husband, by deed of conveyance reciting a consideration of five dollars in money "and for love and affection that he bears unto the said party of the second part," conveyed unto his wife, Francis Main, an undivided one-half interest in lot 11, block 2, and lot numbered 1 in block 10, lot 11 in block 6, and lots 3 and 4 in block 7. On the 6th of March, 1899, the wife, Francis Main, "in

consideration of the sum of five dollars and of the love and affection that she bears unto the said party of the second part,'' conveyed the said undivided one-half interest in lot 11, block 2, to the daughter, Mary Marsh. The plaintiff alleged that at the time of conveying said lots to his wife he was threatened with blackmailing suits, and that he was about to start on a tour through Mexico, and that by reason of said premises he was advised to convey the community property to his wife, for the purpose and with the intent of preventing the bringing of said blackmailing suits, and with the further purpose and intent that, in the event of the death of plaintiff, the title to the property might be in the wife free from complications, expense, and annoyance; that at the time of said conveyance it was well understood and agreed between him and his wife that in the event of his return his wife would, on request, reconvey the property to plaintiff; and that said property, and all of it, should continue to be community property, notwithstanding the conveyance; and that the delivery of the deed was made with that understanding and agreement. The wife made answer that the property was not, and had not been since the date of the conveyance and the delivery of the deed, the community property, but that it was her separate property; and denies that there was such an agreement for reconveyance; and alleged that all of said property was her sole and separate property, and that the said deed of conveyance was a gift from her husband. The cause was tried to the court without a jury, and the court found all the issues against the plaintiff and in favor of the defendants; and, as a conclusion of law, that the plaintiff was not entitled to receive and recover anything in the action; that all the property was the sole and separate property of the defendant Francis Main, except the undivided one-half interest in lot 11, block 2, and that the same was the sole and separate property of the defendant Mary Marsh. Appellant makes the following assignment of errors: ''(1) The court erred in overruling the motion for a new trial. (2) The court erred in finding the issues for the defendants. (3) The court erred in this case in making a general finding of all the issues for the defendants, and in not finding especially the facts necessary to a judgment. (4) The court erred in finding that the evidence sustains the judgment. (5) The findings do

not sustain the judgment. (6) Because the court should have found the issues for plaintiff, and rendered judgment accordingly, and for not doing so the court erred. (7) The court erred in holding the property involved in the suit to be the separate property of the wife, whereas the evidence shows that it was conveyed by the husband to the wife, with no intent of making it separate property, or of losing his interest therein.''

As to the first assignment of error,—to wit, that the court erred in overruling the motion for a new trial,—the abstract of the record does not show that any motion for a new trial was ever made, as it should do if appellant expects this court to look into that question. Turning to the files of the district court, which are lodged with the clerk of this court, we find a motion for a new trial was made upon general allegations of error. As we said in the case of *Miller* v. *Douglas* (decided at this term), *ante,* p. 41, 60 Pac. 722: ''Our rules of court (rule 6, 4 Ariz. xi, 35 Pac. vii) provide that 'all assignment of errors must distinctly specify each ground of error relied upon, and the particular ruling complained of.' Subdivision 2 of that rule provides: 'If the assignment of error be that the court overruled a motion for a new trial, and the motion is based upon more than one ground, the same will not be considered as distinct and specific by this court, unless each ground is separately and distinctly stated in the assignment of errors.' Counsel relies on the statute in relation to motions for new trial, approved March 22, 1893 (act No. 21, Laws 1893), and says that, if the motion for a new trial is not required to be specific, an assignment of error which specifies the general grounds of the motion in conformity with the statute is sufficient. Even without the aid of our rules, we feel appellant's contention is untenable; but, inasmuch as the rule was adopted by the court after the act referred to was passed, the rule operates upon the statute in such a way as to make it necessary in the assignment of errors that 'the court erred in overruling a motion for a new trial' to specify in what particular the court erred; all of which can be readily done without stating the argument necessary to be employed to sustain the assignment.''

As to the second, fourth, fifth, and sixth assignments of error, under the well-established rule of this court, and un-

der the former decisions, they are too general to receive investigation. Assignments of error are of the nature of allegations in a complaint, and take the place in an appellate court of a complaint in a *nisi prius* court. Each assignment of error must state some fact relied upon, and to make an assignment in the simple language that the court erred in finding the issues for the defendants would no more suffice as an allegation than would the simple allegation in a district court complaint that the defendant was indebted to the plaintiff on a promissory note.

The third assignment of error, to wit, that the court erred in this case in making a general finding on all the issues for the defendants, and not finding especially the facts necessary to a judgment, meets its answer in the former decisions of this court. In *Daggs* v. *Hoskins,* 5 Ariz. 300, 52 Pac. 357, 358, in discussing the question of the necessity of specific findings of fact, we said: ''A general finding for the plaintiff will not support a judgment in his favor. A different rule, however, is applied where there is a general finding for the defendant in an action, and a judgment dismissing the complaint. Our statute does not require that the findings of fact shall be special, but only requires that in the decisions of the court findings of fact shall be separately stated from the conclusions of law. We hold that a general finding of the issues in favor of the defendants sufficiently supports the judgment.'' Again, in *McGowan* v. *Sullivan,* 5 Ariz. 334, 52 Pac. 986, we said: ''It is urged as ground for reversal that the lower court failed to state its findings of fact and conclusions of law. The transcript shows a general finding upon the issues in favor of the defendant; and we have already held, in the case of *Daggs* v. *Hoskins, supra,* that a judgment upon such finding is valid under the act of the legislature approved March 16, 1897.'' In this case, although the trial court decreed that the property was the separate property of the defendants, yet the decree was based upon defensive matter of the defendants, and not upon affirmative matter in a cross-complaint. The title to the property was already in the name of the defendants, where it would have to remain, under the operation of law, until removed therefrom by a decree taking the title from the defendants, and placing it in the plaintiff. No decree that it remain there was necessary.

The seventh assignment of error is possibly sufficient in the allegation that the court erred "in holding the property involved in the suit to be the separate property of the wife," etc. Whether it is intended by counsel that the court erred in holding it as a matter of law or whether the error was made in holding it as a matter of fact cannot be discovered from the abstract of the record. It is the only assignment, however, that is discussed in counsel's brief, and they there discuss it as a question of law and as a question of fact. Paragraph 2102 of the Revised Statutes of Arizona provides as follows: "All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise, or descent, or earned by the wife and her minor children, while she has lived or may live separate and apart from her husband, shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband only." The question, then, arises whether the presumption exists after the property is conveyed by one spouse to the other, and especially after the property is conveyed by the husband to the wife. In the case of *Taylor* v. *Opperman*, 79 Cal. 468, 21 Pac. 869, this same question is discussed. In that case the property was conveyed to the husband and the wife, and afterwards the husband executed a deed of the property to the wife, "to have and to hold to her sole use all and singular the above mentioned and described premises, together with the appurtenances, unto the said party of the second part, her heirs and assigns, forever." The court, in its opinion in that case, refers to the case of *Story* v. *Marshall*, reported in 24 Tex. 305, 76 Am. Dec. 106, as follows: "A very similar case to this was once before the supreme court of Texas, where the law in relation to the property rights of husband and wife is almost the same as ours. In that case two lots of land were conveyed to John Farrell and his wife, and were community property. Subsequently, Farrell executed a deed of the lots to his wife. The deed expressed a consideration of one hundred dollars, but no consideration was in fact paid. Afterwards the wife died, leaving one child, who was the plaintiff in the action; and after the wife's death the husband sold and deeded the lots to the defendant in the action. The action was brought to determine the plaintiff's title and recover the lots. The court said: 'It is not questioned that,

under our law, the husband may make a gift or grant of property to his wife by conveyance to her directly, without the intervention of trustees. It has been so held in repeated decisions. . . . In the absence of any evidence of intention outside of the deed, it must be taken as evidencing the intention which, upon its face, it imports; that is, to convey to the wife the estate of the husband in the property. It must have been intended to have some operation upon the estate of the grantor, and that must be taken to have been to change the estate from community into separate property of the wife, in the absence of evidence of any other or different purpose in the making of the conveyance. To deny it that effect would be to render the deed wholly inoperative and void. The grantor could have made an effectual conveyance to a stranger of the whole estate; and it is not perceived that there is any legal impediment to his conveying to his wife his interest, thereby investing her with the whole estate. . . . There can be, in this case, no presumption, as in the case of a purchase from a stranger in the name of the wife, that funds of the community were employed in making the purchase; and therefore it is community property. But the conveyance being of community property of the parties between whom the conveyance is made, *prima facie* the presumption must be that it was intended to change its character from community to the separate property of the wife. The subsequent sale of the property by the husband cannot be deemed sufficient to rebut this presumption.' " The California case followed the Texas case, and said that they thought the same rule should be applied in California, holding that *prima facie* it was the presumption that the deed from the husband to the wife was intended to change the character of the title from community to separate property of the wife. Our statute containing the same provisions as the statutes of California and of Texas, that property acquired after marriage should be deemed community property, and should be disposed of by the husband only, gives those two cases authority for our courts in holding that the character of the title is changed from community to separate property by the deed from the husband to the wife. If the district court so held as a question of law, it did not err. In the case of *Brison* v. *Brison,* referred to by appellant (90 Cal. 323-334, 27 Pac. 186), the husband sought to recover property conveyed by him to his

wife, when he was about leaving home, under the promise from her, as he alleged, that she would deed it back to him upon his return, if he so requested. She denied the allegation, and claimed the property as her separate property, a gift from her husband. The court there said: "It may be conceded, as is claimed by appellant, that the evidence of a verbal agreement between husband and wife that will create a constructive trust should be clear, satisfactory, and conclusive; but it must also be conceded that whether the evidence in any case is of this character must be determined by the trial court, and that this court must accept the determination of the trial court thereon as conclusive." In that case the trial court determined the fact in favor of the husband, and the supreme court would not disturb it. In this case the trial court determined the fact in favor of the wife, under the allegation and the evidence of the husband that it was agreed between him and her that the property should be deemed the community property, and that the wife should retransfer it to him upon his return, if he so requested. If the district court held that the property was the separate property of the wife, there is abundant evidence to support such finding, and the supreme court will not disturb it. Judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.