[Civil No. 2471.   Filed September 16, 1926.]

[249 Pac. 70.]

## J. W. COLVIN, Appellant, v. ADA L. FAGG, Appellee.

1. VENDOR AND PURCHASER.—Tender of deed by husband and wife warranting title was sufficient offer to convey good title, although husband had deeded his share in community property to wife.

2. HUSBAND AND WIFE. — Husband may deed community or separate property to his wife.

———

2.   Conveyance of interest in community property by one spouse to other, see note in 37 A. L. R. 282. See, also, 5 Cal. Jur. 349; 5 R. C. L. 854.

3. PARTIES.—Complaint not disclosing that plaintiff suing on note was married, or that property for which note was given was not her separate property, was not demurrable for failure to join husband as plaintiff, under Civil Code of 1913, paragraph 403.

4. PARTIES—NONJOINDER OF HUSBAND AS PLAINTIFF, WHERE COMPLAINT WAS NOT DEMURRABLE THEREFOR, SHOULD HAVE BEEN RAISED BY PLEA IN ABATEMENT AND NOT DEMURRER (CIV. CODE 1913, PARS. 468, 469).—Fact that husband was not joined as plaintiff on complaint not disclosing that plaintiff was married or that property involved was not her separate property should have been raised by plea in abatement, not by demurrer, under Civil Code of 1913, paragraphs 468, 469.

5. VENDOR AND PURCHASER. — That purchaser lost property through neglect to pay mortgage, and permitting it to be foreclosed and not redeeming, did not prevent recovery by vendor on note given therefor.

See (1, 2) 21 **C. J.**, p. 100, n. 95; 39 **Cyc.**, p. 1555, n. 92 New. (3, 4) 30 **C. J.**, p. 951, n. 72; 31 **Cyc.**, p. 324, n. 39.   (5) 39 **Cyc.**, p. 1914, n. 41 New.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Mr. John W. Ray and Mr. Weldon J. Bailey, for Appellant.

Messrs. Cox & Carson, for Appellee.

ROSS, J.—Ada L. Fagg brought this action to recover from J. W. Colvin on his promissory note to her dated February 5, 1921, for $2,000, bearing interest at eight per cent and due February 5, 1922.

The case was tried before the court without a jury, and plaintiff had judgment. Defendant has appealed.

The record shows that W. W. Fagg and Ada L. Fagg, husband and wife, on February 5, 1920, contracted to sell to defendant lots 11 and 12, block 2,

4.   See 13 **Cal. Jur.** 887; 21 **Cal. Jur.** 94; 13 **R. C. L.** 427; 25 **R. C. L.** 505.

Park Place Addition to Glendale, Maricopa county,
for the sum of $5,000, and, as a part of said agree-
ment, to let defendant into the immediate possession
of premises, which was done; that thereafter and be-
fore February 5, 1921, defendant paid W. W. Fagg
and Ada L. Fagg $800 on account of agreed purchase
price; that on the latter date, W. W. Fagg having in
the meantime deeded said premises to Ada L. Fagg,
a new agreement was entered into between plaintiff
and Ada L. Fagg whereby plaintiff agreed and bound
herself to convey said premises to defendant by gen-
eral warranty deed, in consideration of defendant's
note (being the note sued on) for $2,000 and defend-
ant's assumption and payment of two mortgages on
premises—one for $700 and one for $1,500; that de-
fendant thereafter paid off the $700 mortgage, but
defaulted in the payment of the $1,500 mortgage and
permitted the same to be foreclosed and the prop-
erty to be sold under execution and the period of re-
demption to expire.

The defense against the note was that plaintiff did
not have and could not convey good title, and there-
fore the consideration for the note had failed. Just
why plaintiff's title was not a good and merchantable
title is not made to appear. There is no legal inhi-
bition in our laws against a husband deeding his com-
munity or separate property to his wife. *Schofield*
v. *Gold,* 26 Ariz. 296, 37 A. L. R. 275, 225 Pac. 71.
The change taking the husband out of the contract
was with defendant's full knowledge and consent.
The husband could not question the wife's right to
carry out the modified contract or her conveyance of
title to defendant in pursuance thereof. Anyway, a
deed of conveyance signed by both W. W. Fagg and
Ada L. Fagg, warranting the title to property ac-
cording to the terms of the agreement, was tendered
into court. Even if Ada L. Fagg's title were de-

fective, it would be no defense to the note as long as she was able, willing and ready to convey, or cause to be conveyed, a good title to defendant.

It is objected that the husband, W. W. Fagg, should have been joined as a plaintiff. The complaint does not disclose that plaintiff was a married woman or that the property involved was not her separate property. It therefore did not show on its face incapacity in plaintiff to sue alone. Paragraph 403, Civil Code, 1913. The defendant's demurrer could not raise the point. He should have pleaded the facts in abatement. Paragraphs 468, 469, Civil Code; 30 C. J. 951, § 671; 21 R. C. L. 505, § 69.

It is obvious from the facts that, if the defendant has lost the property, it is due solely to his neglect to keep his promise and pay off and care for the $1,500 mortgage, and in permitting it to be foreclosed, the property sold, and in not thereafter redeeming. The plaintiff could in no way be blamed for this unfortunate situation.

There are some other assignments but none of merit. They are upon questions either immaterial to or outside the issues.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.