[Civil No. 2253. Filed July 5, 1927.]

[257 Pac. 639.]

T. H. JONES, Appellant, v. PEARL RIGDON, Appellee.

288 

Mr. John W. Pruitt, for Appellant.

Mr. Gene Cunningham, for Appellee.

LOCKWOOD, J.—On July 6th, 1922, T. H. Jones hereinafter called appellant, recovered judgment in the superior court of Maricopa county for the sum of $1,165, against J. S. Rigdon. Execution was duly issued, and the sheriff by virtue thereof levied upon an automobile and four dairy cows as the property of Rigdon. The wife of the latter, Pearl Rigdon, hereinafter called appellee, filed a claim to said property, under the statute governing the trial of title of personal property. The issues were duly formed between appellant and appellee in accordance with the statute, and were heard before the court sitting without a jury. Judgment was rendered on said issues in favor of appellee, and, after a motion for new trial had been overruled, an appeal was taken to this court.

The testimony shows the cows and the automobile were purchased with money received as rents and profits from certain real estate located in the town of Gilbert, and standing in the name of appellee. It was the contention of appellant that this real estate was community property, while appellee insisted it was her separate estate. A great deal of time was devoted on the trial to an effort to ascertain from appellee the source of the money which was paid for the land. It was her claim she had received some $7,000 in a settlement of property rights with a former husband, and that it was from this money she purchased the Gilbert property. Appellant insists, on the other hand, her testimony to this effect was

not worthy of credence, and assigned as error the refusal of the trial court to permit him to cross-examine her fully in regard to it. On the motion for new trial he presented affidavits which tended strongly to contradict her story in regard to the money, and another assignment of error is predicated on the refusal of the court to grant a new trial.

The other two assignments are in substance to the effect that the evidence does not support the judgment of the court.

Paragraphs 3848 and 3850, Revised Statutes of Arizona of 1913, Civil Code, define separate and community property so far as the purposes of this case are concerned. They read as follows:

"3848. All property, both real and personal, of the husband, owned or claimed by him before marriage and that acquired afterwards, by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be his separate property, and all property, both real and personal of the wife, owned or claimed by her before marriage, *and that acquired afterward by gift, devise or descent, as also the increase, rents, issues and profits of the same,* shall be her separate property." (Italics ours.)

"3850. All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived or may live, separate and apart from her husband, shall be deemed the common property of the husband and wife, and during the coverture personal property may be disposed of by the husband only; but husband and wife must join in all deeds and mortgages affecting real estate except unpatented mining claims, which may be conveyed by the husband or wife only, as provided by the laws of this state relating to conveyances; provided that either husband or wife may convey or mortgage separate property without the other joining in such conveyance or mortgage."

The record shows that the Gilbert property was acquired during the coverture of appellee and Rigdon. The presumption, therefore, is that it is community property. *La Tourette* v. *La Tourette*, 15 Ariz. 200, Ann. Cas. 1915B 70, 137 Pac. 426.

This presumption, however, is not conclusive, and may be rebutted in various ways. 31 C. J. 48. Appellee attempted to show that it was bought with money which she had received as her separate property from her first husband. If this were a fact, the Gilbert property, the rents and profits thereof, and any other property purchased with those rents and profits, would, of course, belong to her alone, and not be subject to execution on a judgment against Rigdon. We are of the opinion, however, that under the law and the evidence of this case it is immaterial as to whether or not her story in regard to the source of the purchase money of the Gilbert property is true. The record shows conclusively that this property was bought from one Burns early in 1919. At the time of the passing of title both appellee and Rigdon were present. The deed was, with Rigdon's full knowledge and consent, made to appellee alone. The first payment on the purchase price of $2,000 was made by her with money which was in her personal possession at the time, and the remainder of the purchase price was evidenced by notes signed by appellee alone, secured by a mortgage on the property, which was also signed only by her, and these notes were paid off by her long before the judgment in favor of appellant was rendered, and, so far as this record shows, before the claim on which the judgment was rendered arose.

One of the exceptions in regard to property acquired during the coverture being community is when there is a gift to one party rather than to the community, and such a gift may be made by one

spouse to the other. *Main* v. *Main*, 7 Ariz. 149, 60 Pac. 888; *Schofield* v. *Gold*, 26 Ariz. 296, 37 A. L. R. 275, 225 Pac. 71.

Ordinarily, such a gift is evidenced by a conveyance from one to the other, but this is not the only method by which it is established. The fact that a husband causes or permits a conveyance to be made to his wife tends to show that it was the intention of the parties the property should be her separate estate. *Richards* v. *Hartley* (Tex. Civ. App.), 194 S. W. 478. It is true that this of itself does not conclusively establish the property as being the separate estate of the wife, but it may be supported by proof of the intention of the husband and the wife to such effect, even where it appears the property was paid for with community funds. *Nilson* v. *Sarment*, 153 Cal. 524, 126 Am. St. Rep. 91, 96 Pac. 315; *Peck* v. *Brummagim*, 31 Cal. 441, 89 Am. Dec. 195; *Jackson* v. *Torrence*, 83 Cal. 521, 23 Pac. 695. And extrinsic evidence, including the testimony of witnesses, is admissible on this point. *Peck* v. *Vandenberg*, 30 Cal. 11; *Higgins* v. *Johnson*, 20 Tex. 389, 70 Am. Dec. 394.

Contemporaneous conduct by the husband indicating his intention that his wife should have the property, coupled with the fact that the conveyance is to the wife, is generally held conclusive that the property was intended to be her separate estate. *Presidio Min. Co.* v. *Bullis*, 68 Tex. 581, 4 S. W. 860; *Higgins* v. *Johnson, supra*.

It is true that, had the purchase and conveyance been made after appellant's judgment was rendered, he might have attacked it as being in fraud of creditors, but the evidence is conclusive that the whole transaction regarding the Gilbert property was concluded long before appellant's judgment was rendered. We are therefore of the opinion it was immaterial as to whether or not that property was

purchased with money which was originally the separate estate of appellee or whether it was bought with community funds, as all the facts and circumstances connected with the purchase rebut the presumption that the real estate was community property because purchased during coverture, and show conclusively that, whether the purchase price was separate or community property originally, by the consent of both spouses the land was to be the separate property of appellee. The court therefore did not err in refusing to allow further cross-examination of appellee or in denying the motion for new trial, even though it might have appeared conclusively therefrom that her story in regard to the $7,000 was untrue.

It follows also from what we have said that there was ample evidence in the record which, if believed by the trial court, would sustain the judgment. Under our familiar rule it must therefore be affirmed. It is so ordered.

ROSS, C. J., and McALISTER, J., concur.