[Civil No. 3845.   Filed September 29, 1937.]

[71 Pac. (2d) 791.]

In the Matter of the Estate of WALTER H. BALDWIN, Deceased.   GEORGE C. BALDWIN (Petitioner for Probate of Will and for Letters of Administration With the Will Annexed), Appellant, v. MARY C. BALDWIN (Objector to Probate of Will and to Issuance of Letters of Administration With the Will Annexed), Appellee.

Mr. Walter J. Thalheimer, for Appellant.

Mr. Floyd M. Stahl, for Appellee.

McALISTER, C. J.—This is an appeal by George C. Baldwin from an order of the superior court refusing to admit to probate the last will of Walter H. Baldwin, deceased, and to issue him letters of administration with the will annexed of the estate.

The appeal is here upon an agreed statement of the case which discloses these facts:

Walter H. Baldwin died in Lake county, Illinois, in June, 1932, leaving a last will and testament dated June 15, 1925, and a codicil thereto dated July 14, 1930. The will and codicil were admitted to probate in that county and state. A duly authenticated copy of both and of the probate thereof was filed in the Superior Court of Maricopa County, Arizona, and along with it a petition by George C. Baldwin, son of the deceased, for the admission to probate in that court of the will and codicil and for the issuance to him of letters of administration with the will annexed of the estate. The petition set forth that the deceased left an estate in Maricopa county consisting of an undivided one-half interest in Lots 4 and 5 of Citrus Homes, alleged to

be of the value of $23,000, and to have been acquired by the deceased and his wife, Mary C. Baldwin, during their marriage.

Mary C. Baldwin, wife of the deceased, filed objections to the petition in which she alleged that Walter H. Baldwin left no property or estate whatever in Arizona; that she was at the time of his death and for many years prior thereto had been his wife; that the only property in this state in which Walter H. Baldwin ever had any interest was Lots 4 and 5 of Citrus Homes, Maricopa County, and that his interest therein was acquired by a deed dated August 25, 1930, executed by William S. Oppenheim, a bachelor, conveying these two lots to Walter H. Baldwin and Mary C. Baldwin, his wife, "not in tenancy in common, but in joint tenancy with right of survivorship"; that by reason of this deed Walter H. Baldwin and Mary C. Baldwin, his wife, held the property through his lifetime as joint tenants with the right of survivorship; that upon the death of Walter H. Baldwin, Mary C. Baldwin became the owner of the entire title to said property, and that the estate of Walter H. Baldwin had no interest whatever therein; that, in consequence, there was no reason or occasion for administration proceedings.

The portion of the deed containing the expression quoted is in this language:

"Know All Men by These Presents: That William S. Oppenheim, a bachelor, of the City of Chicago, County of Cook, and State of Illinois for and in consideration of the sum of Ten ($10.00) Dollars, to him in hand paid by Walter H. Baldwin and Mary C. Baldwin, his wife, grantees herein, has granted, sold and conveyed, and by these presents does grant, sell and convey unto the said grantees, *not in tenancy in common, but in joint tenancy with right of survivorship* all that certain real property situate in the

County of Maricopa, State of Arizona, described as follows. . . . '' (Italics ours.)

The court sustained the objections of Mary C. Baldwin and refused to admit the will and codicil to probate and to issue letters of administration. The petitioner has brought this order here for review.

The only question presented by the record is whether property deeded to husband and wife as joint tenants with the right of survivorship becomes, upon the death of one of the spouses, the sole property of the other, or whether it is community property, one-half of which belongs to the estate of the deceased.

The contention of appellants is that under the laws of Arizona the husband and wife have only two distinct well-defined property rights: The first, the separate property of each spouse, and the second, the community property belonging to both, and that since the statutes of the state give them those two rights only, it follows necessarily that they have no others, such, for instance, as that of holding property by joint tenancy with the right of survivorship. The correctness of this claim, as well as that of appellee, that they do have the right to hold the title to property as joint tenants, rests upon the proper construction to be placed upon the two sections of the Revised Code of 1928 dealing with the question of joint tenancy and reading as follows:

"2777. *Estates in common; joint tenancies.* All grants and devises of real property made to two or more persons create estates in common and not in joint tenancy, except grants or devises in trust or to executors or to husband and wife. A grant or devise to two or more persons may, however, by express words, vest the estate in the survivor upon the death of a grantee or devisee."

"986. *Right of survivorship abolished.* Where two or more persons hold property jointly and one

joint owner dies before severance, and the grant or devise does not expressly vest the estate in the survivor, the interest in the estate of the owner dying shall not survive to the remaining joint owners but shall descend to the heirs of the deceased joint owner as though his interest had been severed and ascertained.''

█ The first of these two sections, it will be observed, specifically authorizes the holding of property in joint tenancy with the right of survivorship, and the second by the expression, ''and the grant or devise does not expressly vest the estate in the survivor,'' an exception to the main statement, recognizes the right thus given. The important query, therefore, is whether, in view of the community property law of this state, these sections give husband and wife, the same as they do others, the right to hold real property as joint tenants with the right of survivorship. Appellant insists that they do not and in support of his position calls attention, first, to the language of these sections and its construction by the court in *Blackman* v. *Blackman,* 45 Ariz. 374, 43 Pac. (2d) 1011, 1016; and, second, to the fact that if they do apply to husband and wife, they are not in that respect operative, because they did not, as they appeared in the 1913 statutes, have this meaning, and any modification of them in the revision of 1928 accomplishing this result could not be given effect since the act providing for revision did not authorize a change in the meaning of the statutes then in force. Considering the last reason first, it occurs to us from a reading of paragraphs 4708 and 4709 of the Revised Statutes of 1913 (Civ. Code), which became section 2777, *supra,* and of paragraph 1102 of the 1913 Statutes, which became section 986, *supra,* that their meaning was not materially changed by the revision but merely clarified. These three paragraphs read as follows before they were revised:

"4708. All grants and devises of land made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

"4709. The preceding section shall not apply to mortgages, nor to devises, or grants made in trust, or made to executors, or to husband and wife."

"1102. Where two or more persons hold an estate, real, personal or mixed, jointly, and one joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owners, but shall descend to and be vested in the heirs and legal representatives of such deceased joint owner, in the same manner as if his interest had been severed and ascertained."

Paragraphs 4708 and 4709, we take it, as well as section 2777 into which they were combined, provided that land may be held in joint tenancy where the grant or devise expressly so declares, and while paragraph 1102 did not contain the expression, "and the grant or devise does not expressly vest the estate in the survivor," it would seem to be plain that this was made a part of it in its present form for the purpose of removing any conflict or inconsistency between it and section 2777 in order that the law of descent and distribution should be in harmony with that which governs when real property is granted or devised to two or more persons and the estate therein expressly vests in the survivor upon the death of a grantee or devisee. It was in fact just such conflicts as these that led to the revision of 1928.

The other contention of appellant is that section 2777, even as revised, does not create a joint tenancy between husband and wife, and, as authority for this position, he cites *Blackman* v. *Blackman, supra,* and sections 2172 and 2173, Revised Code of 1928, which define separate and community property.

The Blackman case was one in which real property had been purchased by and deeded to L. S. Blackman and Ellen A. Blackman, his wife, by an ordinary conveyance, and after the death of the husband the wife brought an action to quiet title to the property upon the theory that the deed created in them a joint tenancy with the right of survivorship. After concluding that it did not have this effect, the court made, among others, this statement:

"We therefore hold that was not the intent of the Legislature, by excepting conveyances to husband and wife from the provisions of section 2777, *supra,* to create a joint tenancy as between them, but that the exception was meant solely to negative the idea that such conveyances should create an estate in common between the spouses. Such being the true intent of the exception, conveyances to the spouses together which contained *no specific conditions to the contrary* would according to the repeated acts of the Legislature and the decisions of this court presumably create a community estate." (Italics ours.)

Viewed in the light of the purpose for which conveyances to husband and wife were excepted from the provisions of section 2777, that is, "solely to negative the idea that such conveyances should create an estate in common between the spouses" and not "to create a joint tenancy as between them," that exception has no bearing one way or the other on joint tenancies. Hence, the statement in the last sentence of that section, that "a grant or devise to two or more persons may, however, by express words, vest the estate in the survivor upon the death of a grantee or devisee," being all-inclusive in its terms, applies necessarily to a grant or devise to a husband and wife the same as it does to one to any other two persons, unless the contention of appellant that under section 2172 the presumption that it is community property steps in at this point and controls the situation is

sound. According to that section all property acquired by husband or wife during their marriage, with certain exceptions, creates in Arizona a community estate and not an estate in common or in joint tenancy, and the same is true of property deeded to both spouses during coverture. Recognizing this, the court, in *Blackman* v. *Blackman, supra,* made the statement that "conveyances to the spouses together *which contained no specific conditions to the contrary*" were presumed to create a community estate, the implication being that if it did contain specific conditions to the contrary it would not create a community estate. Appellant admits this but contends that the court must have had in mind only such "specific conditions to the contrary" as would create a separate estate in one of the spouses, and not a joint tenancy, since under sections 2172 and 2173 husband and wife have only separate and community property rights. In view of the fact, however, that the question before the court in that case was whether an ordinary deed to the husband and wife creates a joint tenancy with the right of survivorship, and the conclusion was reached that it did not, the natural presumption would be that, in using the language it did to designate the estates a husband and wife may hold other than community estates, the court had in mind the particular estate it was then considering in connection with those of the community, a joint tenancy, and did not refer to the separate estate of either spouse. It was not necessary that the court should have stated in express language that the term, in joint tenancy with the right of survivorship, in a deed to husband and wife was one of the "specific conditions to the contrary" that will defeat a community estate. The meaning was clear without it.

Whether the language of the court, pointing out a condition under which a deed to husband and wife

will not create a community estate, was necessary, or merely *dictum* is immaterial; it is in our view a correct statement of the law. In the enactment of paragraphs 4708 and 4709, *supra,* the legislature evidently intended to give husband and wife, along with any other two or more persons, the right to hold property in joint tenancy with the right of survivorship, and it was likewise its purpose to preserve this right in the revision of 1928 when it combined these two paragraphs into section 2777. This view is, we think, strengthened by the fact that husband and wife are not excepted from the broad statement in section 986 that "where two or more persons hold property jointly and one joint owner dies before severance, and the grant or devise does not expressly vest the estate in the survivor," the interest of the owner dying does not survive to the other joint owners but descends to the heirs of the deceased. It is contended, however, that if sections 2777 and 986 are given this construction, the community property law, which section 2172, *supra,* defines as follows, is set aside and defeated:

"*Community property; power of disposition.* All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived or may live, separate and apart from her husband, shall be the community property of the husband and wife."

Property acquired by both spouses during marriage likewise belongs to the community, but whether acquired by one or both, either may convey his interest to the other and thus dissolve the community. In *Luhrs* v. *Hancock,* 6 Ariz. 340, 57 Pac. 605, *Main* v. *Main,* 7 Ariz. 149, 60 Pac. 888, *Colvin* v. *Fagg,* 30 Ariz. 501, 249 Pac. 70, *Jones* v. *Rigdon,* 32 Ariz. 286, 257 Pac. 639, and other cases, it has been decided by

this court that a husband may convey his interest in the community to his wife, and in *Schofield* v. *Gold,* 26 Ariz. 296, 225 Pac. 71, 37 A. L. R. 275, that a wife may convey hers to her husband. If the spouses may contract with each other concerning the interest of either in the community, there can be no reason why they may not agree between themselves that it may be conveyed to them in the first instance and held in joint tenancy. As between husband and wife a joint tenancy is an exception to the community property rule of this state and in derogation of the general policy of that system of holding property, and this being true a clause in a deed creating a joint tenancy between them should be effective only where it clearly appears that both spouses have agreed that the property should be taken in that way. A deed is generally signed by the grantor only, hence before a joint tenancy clause may be held binding on the grantees and the community property law thereby defeated, we think it necessary not merely that the deed contain language creating such an estate but that it further appear that the deed was accepted by the spouse whose property it is sought to bring within its terms, knowing that it contained that provision. If the deed itself contains nothing showing this fact, such, for instance, as an acceptance of the terms thereof in the handwriting of the grantees, or an endorsement by the recorder that it was placed of record at the request of the deceased spouse, it might be established by any proper extrinsic evidence.

██ It must be kept in mind in this connection that community property is frequently managed by one of the spouses and that it may easily happen that property is purchased by that spouse with community funds and a deed thereto containing language creating an estate in joint tenancy delivered to and ac-

cepted by him or her without any knowledge of such provision on the part of the other spouse. To hold, under these circumstances, that the mere insertion in the deed of such language would be binding on that spouse and deprive him or her or their heirs of his or her interest in the property would not only defeat the community property law in that instance but result in an absolute injustice to an innocent party. Therefore, in view of the possibility of such a result, we think that the party who relies on a joint tenancy clause in a deed should bear the burden of showing that the spouse whose property he claims is governed thereby knew that the deed so provided. It should not be overlooked on the one hand that the doctrine of survivorship is not a favorite of the law, in fact, has been abolished in this state in most instances, section 986, *supra,* and upon the other, that the community property principle is too deeply rooted in the policy of this state to permit it to be set aside except in those cases in which the law clearly permits it and the parties so intend.

Inasmuch, therefore, as the agreed statement does not disclose, in addition to the insertion in the deed of a joint tenancy clause, any fact showing that Walter H. Baldwin, deceased, knew that this clause was a part of the deed, the judgment is reversed and cause remanded with directions that any further proceedings be had in accordance with the views herein expressed.

ROSS and LOCKWOOD, JJ., concur.