MARTHA LOCKE SHOENHAIR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102675. Promulgated November 5, 1941.

*John W. Townsend, Esq.*, and *Lloyd Fletcher, Jr., Esq.*, for the petitioner.

*R. H. Transue, Esq.*, for the respondent.

OPINION.

TYSON: The petitioner contends that her agreement with her husband was valid under the laws of Arizona; that such agreement abrogated the community interest she would otherwise have had under those laws in her husband's earnings; and that his earnings therefore constituted his separate income, taxable solely to him under section 22 (a) of the Revenue Act of 1936, citing, among numerous other cases, *Helvering* v. *Hickman*, 70 Fed. (2d) 985; *Van Every* v. *Commissioner*, 108 Fed. (2d) 650; certiorari denied, 309 U. S. 689; and *Sparkman* v. *Commissioner*, 112 Fed. (2d) 774.

The respondent admits that if the petitioner and her husband had been residents of California, instead of Arizona, then *Helvering* v. *Hickman*, *supra*, would be controlling here. The respondent contends, however, that the cited case has no application here because the community property laws of Arizona differ from those of California. He contends, therefore, that the earnings of petitioner's husband constituted community income taxable one-half to the husband and one-half to petitioner, under authority of *Goodell* v. *Koch*, 282 U. S. 118.

In *Goodell* v. *Koch*, *supra*, the husband and wife, residents of Arizona, each filed separate returns reporting one-half of the community income, and the question before the Supreme Court was whether such income could be so returned or whether it was all taxable to the husband, as determined by the Commissioner. The Supreme Court held that under the laws of Arizona the wife's interest in the community property was not a mere expectancy, but a present vested interest equal to that of the husband and that one-half of the community income was taxable to her and one-half thereof to the husband. In that case the Court did not have before it the question here involved, i. e., whether the husband and wife could enter into an agreement whereby the husband's earnings were to be and remain his separate property; it consequently affords no support to respondent's contention.

In *Helvering* v. *Hickman*, *supra*, the question presented was whether or not the husband was taxable on the income of his wife derived by her through a salary, or any portion thereof. The material facts shown were that the husband and his wife were professional actors earning their livelihood as such, and that prior to the taxable year in which the salary in question of the wife was earned the husband and wife orally agreed that "the earnings of each were to be and remain the sole and separate property of the spouse earning the same, free of any community right, claim, or interest of the other * * *." Upon consideration of the laws of California as reflected in the decisions of the Supreme Court of that state construing the meaning

and effect of the state's community property statutes, the Court held (a) that the earnings of the wife under the antecedent oral agreement between her and her husband became her separate property and (b) that by reason of such agreement, and its effect, under authority of *Poe* v. *Seaborn*, 282 U. S. 101, no part of the salary of the wife ever became community property and that consequently no part thereof was taxable as income to the husband.

In view of this holding it is pertinent to first consider whether or not the laws of Arizona are the same in effect as those of California with reference to the validity and effect of a conveyance of community property by a husband to his wife, or vice versa, as his or her separate property. If they are the same, *Helvering* v. *Hickman*, *supra*, controls the holding here, as conceded by respondent.

In construing the meaning and effect of the community statutes of Arizona the Supreme Court of that state has consistently held that the husband or wife can validly and effectively convey to the other as that other's separate property any or all of his or her interest in the community property owned by both, provided the agreement of both spouses thereto is clearly shown. *Main* v. *Main*, 60 Pac. 888; *Colvin* v. *Fagg*, 249 Pac. 70; *Jones* v. *Rigdon*, 32 Ariz. 286; 257 Pac. 639; *Schofield* v. *Gold*, 225 Pac. 71; *Lightning Delivery Co.* v. *Matteson*, 39 Pac. (2d) 938; *Baldwin* v. *Baldwin*, 71 Pac. (2d) 791; and *Lincoln Fire Insurance Co. of New York* v. *Barnes*, 88 Pac. (2d) 533. The substance of the holdings in the cited Arizona cases was succinctly stated in *Baldwin* v. *Baldwin* (1937), 71 Pac. (2d) 791, 795, as follows:

Property acquired by both spouses during marriage likewise belongs to the community, but whether acquired by one or both, either may convey his interest to the other and thus dissolve the community. In *Luhrs* v. *Hancock*, 6 Ariz. 340, 57 P. 605; *Main* v. *Main*, 7 Ariz. 149, 60 P. 888; *Colvin* v. *Fagg*, 30 Ariz. 501, 249 P. 70; *Jones* v. *Rigdon*, 32 Ariz. 286, 257 P. 639, and other cases, it has been decided by this court that a husband may convey his interest in the community to his wife, and in *Schofield* v. *Gold*, 26 Ariz. 296, 225 P. 71, 37 A. L. R. 275, that a wife may convey hers to her husband. * * *

We conclude that under the cited Arizona authorities the laws of that state are the same as those of California with reference to the effect of a conveyance of community property by a husband to his wife, or vice versa, as his or her separate property.

In the instant proceeding it is clearly shown that the petitioner and her husband entered into a mutual agreement on January 1, 1936, that the husband's income from his earnings and investments would be his sole and separate property and that such agreement was strictly adhered to and carried out during 1936 and 1937. The respondent raises no objection to the fact that the contract was oral, nor do we think that fact is material. *Helvering* v. *Hickman*, *supra*;

*F. C. Busche*, 10 B. T. A. 1345; and *Francis Krull*, 10 B. T. A. 1096. We conclude that, under the laws of Arizona, the earnings of the petitioner's husband during 1936 and 1937 were his separate property, and upon authority of *Helvering* v. *Hickman, supra; Van Every* v. *Commissioner, supra;* and *Sparkman* v. *Commissioner, supra,* we hold that such earnings were taxable entirely to him and that no part of such earnings was taxable to petitioner.

The respondent erred in including in petitioner's gross income the amounts of $2,763.85 for 1936 and $4,403.71 for 1937.

*Decision will be entered under Rule 50.*