Archie M. KROLOFF, Individually and as beneficiary of the Estate of Dorothy Allen Kroloff, deceased, Plaintiff, Appellee,

v.

UNITED STATES of America, Defendant, Appellant.

No. 72–1257.

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1973.

Richard Farber (argued), Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., William C. Smitherman, U. S. Atty., Phoenix, Ariz., Eugene D. Silverman, Meyer T. Rothwacks, Loring W. Post, Tax Div., Dept. of Justice, Washington, D. C., for defendant, appellant.

Richard L. Lassen (argued), John R. Christian, Leo R. Beus, of Jennings, Strouss & Salmon, Phoenix, Ariz., for plaintiff, appellee.

Before ALDRICH,* CHOY and GOODWIN, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is a suit for refund of an estate tax in which the district court found for the plaintiff, executor and surviving husband of the decedent and hereinafter

taxpayer. The government appeals, alleging, basically, only one point: the inadequacy of the evidence to support the finding.[1]

In July 1957, taxpayer and his wife applied to the New York Life Insurance Company for insurance on the life of the wife. There were two applications and eventually two policies. One application taxpayer signed as "Applicant" and decedent as "Proposed Insured." The other was not signed, but concededly nothing turns on this; the policies read in like terms, and were treated alike. Upon issuance the first premiums were paid by taxpayer from community funds, the parties being residents of Arizona, a community property state. All further premiums were noticed to taxpayer and paid for by him out of community funds or through policy loans. The government takes the position that although taxpayer as an individual was the named beneficiary and sole record owner of all rights, the policies and proceeds were presumptively community property, so that an estate tax was owed on one half of the proceeds.[2] The district court, instead, found the policies to be taxpayer's sole individual property.

Taxpayer is faced with a strong presumption that assets acquired by one spouse with community funds are community property. 9 Ariz.Rev.Stat. Ann. § 25-211, subd. A (1956); Smith v. Smith, 71 Ariz. 315, 227 P.2d 214 (1951); Porter v. Porter, 67 Ariz. 273, 279, 195 P.2d 132, 136 (1948); Blackman v. Blackman, 45 Ariz. 374, 43 P.2d 1011 (1935). The apparent title's existence in one spouse, even with the knowledge of the other, does not ordinarily rebut this presumption. Blackman v. Blackman, ante; Jones v. Rigdon, 32 Ariz. 286, 257 P. 639 (1927).

---

* Honorable Bailey Aldrich, United States Senior Circuit Judge, First Circuit, sitting by designation.

1. The government seeks to make a further claim, for the first time, on appeal. This would require resolution of factual questions not raised before the district court and is therefore impermissible. The government's case of Bintliff v. United States, post, is inapposite.

2. Apparently taxpayer paid, or at least sues, in the capacity of beneficiary-distributee as distinguished from executor, a matter of no consequence so far as his right to recovery of the payment is concerned.

**336**

For present purposes we accept as sound the Fifth Circuit's application of this rule to record ownership of life insurance policies. *See* Freedman v. United States, 382 F.2d 742 (5th Cir. 1967); Commissioner of Internal Revenue v. Fleming, 155 F.2d 204 (5th Cir. 1946). We find highly applicable, however, the language of the Arizona court in Jones v. Rigdon, ante, 32 Ariz. at 291, 257 P. at 640:

> "The fact that a husband causes or permits a conveyance to be made to his wife tends to show that it was the intention of the parties the property should be her separate estate. . . . It is true that this of itself does not conclusively establish the property as being the separate estate of the wife, but it may be supported by proof of the intention of the husband and the wife to such effect, even where it appears the property was paid for with community funds. . . . And extrinsic evidence, including the testimony of witnesses, is admissible on this point. [Citations omitted.]"

Taxpayer was the decedent's sole legatee. At the time the policies were applied for, according to uncontradicted testimony of taxpayer and the insurance agent, the agent, taxpayer and decedent discussed estate matters; viz., the fact that to be able to pay the taxes on decedent's estate coming to him if she predeceased, taxpayer would need extra cash to avoid a sale of illiquid assets, and the advantages, taxwise, that he individually, rather than the estate, have such a cash accession. The agent testified that decedent concurred in the proposed arrangement; that she intended to have no community interest in the insurance policies and that they were to be taxpayer's sole and separate property. The district court, on this record, found the evidence "clear, convincing, satisfactory and conclusive"[3] that decedent intended

that the policies, when issued, and funds necessary to make premium payments as they became due, be taxpayer's sole and separate property.

 While the government argues that this oral testimony might reasonably be regarded with suspicion, and indeed the court would have been free so to regard it in view of the absence of any further documentation, *cf.* Bintliff v. United States, 462 F.2d 403 (5th Cir. 1972), we cannot say that the court was not warranted in accepting it. There is no rule that the community property presumption cannot be overcome by oral testimony, *see* Jones v. Rigdon, ante; *cf.* Greenwood v. Commissioner of Internal Revenue, 134 F.2d 915 (9th Cir. 1943), and we may not reject the district court's findings unless palpably unsound. This is not such a case; indeed, we find the appeal quite lacking in merit.

Affirmed.

---

3. The appropriate burden in Arizona. Porter v. Porter, ante.