FRANKLIN DEWAINE JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 11476-79.
United States Tax Court
T.C. Memo 1982-277; 1982 Tax Ct. Memo LEXIS 467; 43 T.C.M. (CCH) 1416; T.C.M. (RIA) 82277; May 19, 1982. *467 Petitioner lived in Texas, a community property state, in 1975, 1976, and 1977. Petitioner and his wife separated in 1974 and were divorced in October 1976. Petitioner filed protester-type 1040 forms for 1975, 1976, and 1977. Held: Petitioner is taxable on one-half of his wife's earnings for 1975 and for 1976 up until the time they were divorced. Alleged oral agreement between petitioner and his wife to treat their future earnings as separate property was not valid under Texas law in those years. Held, further: Petitioner's constitutional rights not violated. Held, further: Petitioner is liable for the additions to tax imposed by sections 6651(a), 6653(a), and 6654 for each of the years 1975, 1976, and 1977. Franklin DeWaine Jones, pro se. Douglas R. Fortney, for the respondent. DRENNEN
DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes for the taxable years 1975, 1976, and 1977 as follows: *469 Less
Additions to tax
prepayment
Year
Deficiency
credits
sec. 6651(a)(1) [1]
sec. 6653(a)
sec. 6654
1975
$ 1,167.64
$ 659.34
$ 127.08
$ 58.38
$ 14.95
1976
1,073.33
685.05
97.07
53.67
7.31
1977
500.46
0
125.12
25.02
17.75
The issues presented for decision are: (1) Whether one-half of the community income earned by petitioner's spouse at a time they were married but living apart in a community property state is taxable to petitioner; (2) whether certain constitutional rights of petitioner's have been violated; (3) whether petitioner is liable for additions to tax imposed under section 6651(a)(1) for failure to file timely income tax returns, (4) whether petitioner is liable for additions to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations; and (5) whether petitioner is liable for additions to tax imposed under section 6654 for underpayment of estimated tax. FINDINGS OF FACT Petitioner Franklin DeWaine Jones (hereinafter petitioner) *470 resided at Amarillo, Tex., at the time he filed the petition herein. Petitioner filed with the Internal Revenue Service an incomplete individual Form 1040 for each of the taxable years 1975, 1976, and 1977. The 1040 forms filed by petitioner for 1975 and 1976 contained the notation "Less than 740 dollars" in the space provided for income other than wages, dividends, and interest. The remaining spaces contained no information regarding petitioner's income or deductions for such year, but instead had a single or double asterisk in each space in which an income or other figure was to be reported. [2]
The Form 1040 filed by petitioner for the taxable year 1977 contained the word "none" *471 in the space provided for wages, salaries, tips, and other employee compensation. In the remainder of the spaces for the various income items, petitioner entered "object - self-incrimination." All of the remaining spaces of the return contained the words "object - self-incrimination" or "none." In 1971 petitioner married Rita LaVerne Jones (hereinafter Rita). In 1974, petitioner and Rita were separated and living apart from one another. Following their separation, petitioner and Rita entered into an agreement that the wages earned by the estranged spouses would remain their separate property. As a result, following their separation, petitioner did not receive any of the wages earned by Rita nor did Rita receive any of the income earned by petitioner. In October of 1976, petitioner and Rita were divorced. At all times during 1975 and 1976, both petitioner and Rita were residents of the state of Texas, a community property state. Petitioner was also a resident of Texas at all times during 1977. During 1974, petitioner was a partner in the T. D. Lapidary and Craft Hobby Supply Partnership (hereinafter T. D. Lapidary). [3] Petitioner's distributive share of partnership income *472 for 1974 was $ 3,761.55. This partnership was dissolved at the end of 1974 and petitioner continued the business as a sole proprietorship. Petitioner refused to provide respondent with any records pertaining to his tax liability. Respondent determined petitioner's individual income for 1975 by adding to petitioner's income from the lapidary business in 1974 ($ 3,761.55) a cost of living adjustment of 1.042 percent as determined by the Bureau of Labor Statistics (national average for the United States) to arrive at income of $ 3,919.54. The same procedure was followed to determine petitioner's individual income for 1976 to be $ 4,103.76. Rita's wages for 1975 and the first ten months of 1976, while she was still married to petitioner, were $ 13,426.16 and $ 9,549.40, respectively. Respondent determined petitioner's taxable income for 1975 by adding Rita's wages to petitioner's individual income and dividing by two. Respondent determined petitioner's taxable income for 1976 by adding Rita's wages for the first ten months of the year *473 to 10/12 of petitioner's individual income for the year and dividing by two, and then adding to petitioner's share 2/12 of petitioner's individual income for 1976 for the two months after he and Rita were divorced. Respondent credited one-half of the tax withheld from Rita's wage against petitioner's tax. Respondent determined petitioner's taxable income for 1977 by the same method utilized to determine his individual income from the lapidary business for the years 1975 and 1976. OPINION As a preliminary matter, petitioner contends that because the notice of deficiency identified the source of petitioner's individual income for the years 1975 to 1977 as "F. D. Lapidary" instead of "T. D. Lapidary" the notice of deficiency was arbitrary and erroneous. Petitioner offered no evidence to show that he was misled by the typographical error or to dispute respondent's determination of his individual income for the years 1975 to 1977 from the lapidary business, and we approve respondent's determination of petitioner's individual income for those years. The first issue is whether one-half the income earned by petitioner's former spouse at the time they were married but living apart *474 in a community property state is taxable to petitioner. Petitioner contends that he and Rita executed an agreement that all personal income and wages of the estranged spouses would remain their separate personal property and that, therefore, he is not taxable on one-half the income earned by Rita. Respondent contends that the agreement executed by petitioner was not operative since it was not in writing and because under Texas law an agreement between spouses that the future earnings of either or both should become the separate property of the one so earning them is not valid. We agree with respondent that the agreement entered into by petitioner and Rita was not valid to convert Rita's earnings from community property into her separate property. [4]
It is well established under the community property laws of Texas that all property acquired by either spouse during the marriage belongs to the community, except property acquired by gift, devise, or descent, or property that is partitioned pursuant to statute. Free v. Bland,369 U.S. 663 (1962); *475 Tex. Fam. Code Ann., Tit. 1, sec. 5.01 (Vernon). See Tex. Const., Art. 16, sec. 15. Generally, for purposes of Federal income taxation, each spouse is liable for payment of the tax on his or her respective share of the community property income, even when the parties have permanently separated. Hunt v. Commissioner,22 T.C. 228 (1954). However, if the husband and wife enter into an agreement, valid under state law, that the husband's and wife's income from earnings shall remain their separate property, then the earnings will be taxable solely to the spouse earning such income. Sheonhair v. Commissioner,45 B.T.A. 576 (1941). Thus, the relevant inquiry is whether petitioner's and Rita's agreement with respect to future earnings was valid under state law. At the time petitioner and Rita entered into their agreement, the community property law of Texas provided that an agreement between the husband and wife that the future earnings of either or both should become the separate property of the one so earning them was not valid, since the community property law could not be changed by contract. Robbins v. Robbins,125 S.W.2d 666, 670 (1939); *476 Texas Building & Mortgage Co. v. Rosenbaum,159 S.W.2d 554 (1942), affd. 140 T. 325, 167 S.W.2d 506 (1943). [5] Accordingly, the agreement entered into by petitioner and Rita was not valid to convert Rita's earnings, which were community property, Carnis v. Meador,533 S.W.2d 365 (1975), into her separate property. Therefore, petitioner is taxable on one-half of Rita's earnings for 1975 and that part of 1976 prior to the divorce in which he was married but living apart from her. The second issue is whether certain constitutional rights of petitioner's have been violated. Petitioner contends that the notice of deficiency and the subsequent assessment of penalties by respondent violated his rights to due process. He also contends that the requirement that he complete and file a Form 1040 violated his Fifth Amendment right against self-incrimination. We disagree and refer to Reiff v. Commissioner,77 T.C. 1169 (1981), *477 and Wilkinson v. Commissioner,71 T.C. 633 (1979), and cases cited therein, for our reasons. [6]
The third issue is whether petitioner is liable for additions to tax imposed under section 6651(a)(1) for failure to file timely income tax returns. Petitioner argues that, because he filed a timely Form 1040 for each of the taxable years in dispute, he is not liable for such addition to tax. Respondent contends that the 1040 forms filed by petitioner were not valid Federal income tax returns for the taxable years 1975, 1976, or 1977. "The acid test for determining whether a document constitutes a valid return is whether it contains sufficient data from which respondent can compute and assess a tax liability." White v. Commissioner,72 T.C. 1126, 1129 (1979) *478 (cites omitted). It is settled law that a Form 1040 which discloses no information relating to a taxpayer's income and deductions does not constitute a "return" within the meaning of section 6012. Hatfield v. Commissioner,68 T.C. 895 (1977); White v. Commissioner,supra;Porth v. United States,426 F.2d 519 (10th Cir. 1970). Clearly, the 1040 forms filed for 1975 and 1976 did not constitute valid returns. The only information provided by petitioner was in the space for income other than wages, dividends, and interest, wherein the notation "Less than 740 dollars" appeared. In the remainder of the spaces for the various income items, credits, and deductions there appeared a single or double asterisk. It is obvious that these 1040 forms did not contain sufficient data from which respondent could compute petitioner's income tax liability, and therefore they do not constitute valid returns. United States v. Smith,618 F.2d 280 (5th Cir. 1980); United States v. Rickman,638 F.2d 182 (10th Cir. 1980); Reiff v. Commissioner,supra, and cases cited therein. Likewise, the *479 1040 form filed for 1977 did not constitute a valid return. The spaces for wages, salaries, tips, and other employee compensation, adjustments to income, and credits contained the word "none." Most of the remaining spaces, including the space for adjusted gross income, contained the notation "object - self-incrimination." Recently, we held that a return that contained the words "none" and "object - self-incrimination" did not constitute a return. Thompson v. Commissioner, 78 T.C.     (Apr. 8, 1982). Accordingly, the 1040 form for 1977 did not constitute a valid return and petitioner is liable for the addition. The fourth issue is whether petitioner is liable, for each of the taxable years in issue, for an addition to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations. The burden of proof with respect to this issue is on petitioner. Hatfield v. Commissioner,supra.Petitioner failed to offer any evidence to show that his underpayments of tax were not due to the intentional disregard of rules and regulations or to negligence and, therefore, the additions to tax determined pursuant to section 6653(a) *480 must be sustained. The final issue for determination is whether, for each of the taxable years in issue, petitioner is liable for an addition to tax imposed under section 6654 for underpayment of estimated tax. The burden of proof on this issue is also on petitioner. Reaver v. Commissioner,42 T.C. 72 (1964). Petitioner has made no showing that he paid any estimated tax for the taxable years in issue or that any tax was withheld from his wages for such years. Petitioner has totally failed to show that he is not liable for the addition to tax imposed under section 6654 and, accordingly, the addition to tax must be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years involved.↩
2. Next to a single asterisk at the bottom of the form appeared the following: "This is not according to my understanding of a 'dollar.' See attached affadavit [sic]." Next to a double asterisk at the bottom of the form appeared the following: "This means specific objection is made under the 5th Amendment, U.S. Constitution, to the question as to Federal Reserve Notes, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th, & 16th Amendments↩."
3. The statutory notice of deficiency incorrectly stated that the name of the partnership was F. D. Lapidary instead of T. D. Lapidary.↩
4. Due to our holding, it is unnecessary to determine whether the agreement was in writing and, if it was not, whether that would cause it to be invalid.↩
5. The amendment of Tex. Fam. Code Ann. (Supp), Tit. 1, sec. 5.42, by Acts 1981, 67th Reg., p. 2964, Ch. 782, sec. 2, has an effective date of Sept. 1, 1981, and is inapplicable to petitioner's agreement.↩
6. In his petition, petitioner also asserted that he was entitled to a jury trial and counsel of choice. Petitioner is not entitled to a jury trial in the Tax Court, Browne v. Commissioner,73 T.C. 723 (1980); nor is he entitled to have counsel of his choice provided to him free of charge. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207↩ (3d Cir. 1977).