242 P.2d 537

### COLLIER v. COLLIER.
### No. 5418.

Supreme Court of Arizona.
March 31, 1952.

Alexander B. Baker and Harold E. Whitney, of Phoenix, for appellant.

V. L. Hash and Virginia Hash, of Phoenix, for appellee.

LA PRADE, Justice.

This appeal is from a judgment and denial of a motion to vacate and set aside judgment decreeing that plaintiff (appellee here) be granted an absolute divorce from defendant (appellant) and ordering, adjudging and decreeing that plaintiff have and recover from the defendant the sum of $9,921.16, and to secure the payment of which a lien was fixed upon the real estate held by the parties under a joint tenancy deed, and adjudging "any other property *above* the property herein described and particularly disposed of by this judgment, * * * to be the community property of plaintiff and defendant." The judgment further ordered that "the household and kitchen furniture located on the hereinbefore described premises be awarded to plaintiff as her sole and separate property"

and that "the truck, plumbing tools and equipment be awarded to defendant as his sole and separate property." The decree also ordered defendant to pay additional attorney fees for plaintiff in the sum of $100, and that plaintiff be restored to her maiden name of Zelpha Banta.

1. The court in its findings of fact found that the property described in the complaint was held in joint tenancy.

2. That the household and kitchen furnishings located on the property were the separate property of the plaintiff and in the decree set them over to her as and for her sole and separate property.

3. That the truck and plumbing tools and equipment referred to in the complaint were the separate property of the defendant and in the decree set them over to him as and for his sole and separate property.

4. That plaintiff advanced the sum of $9,921.16 from her separate funds for improvements upon the said real estate hereinbefore described, and that she was entitled to recover the said sum out of the joint tenancy as her sole and separate estate.

This last numbered finding of fact was repeated as a conclusion of law and there was added thereto the following words: "and that any amount *above* the sum of $9921.16, which is the value of the said property, is to be the *community property* of plaintiff and defendant." (Emphasis supplied.)

As an additional conclusion of law, the court found: "That plaintiff is entitled to a lien upon the said real estate hereinbefore described and any and all interest which the defendant has in and to the said real estate by virtue of the joint tenancy therein in the amount of $9921.16, together with interest thereon at the rate of six per cent per annum from date of judgment to secure payment of the aforesaid sum, as her sole and separate estate, and that any interest which the parties might have as community property are subject to the lien in the above amount unpaid."

In the judgment proper, the court adjudged

"That the plaintiff have and recover the sum of Nine Thousand Nine Hundred and twenty-one and 16/100 ($9,921.16) Dollars as her sole and separate estate, from the defendant."

"That the real estate hereinbefore described be adjudged to be the property of plaintiff and defendant."

"That to secure payment of the aforesaid sum, a lien is hereby fixed upon the real estate described herein for the payment of said sum, with interest thereon at the rate of six per cent per annum from date of judgment until paid, and that any *other property above* the property herein described and particularly disposed of by this judgment, be adjudged to be the *community* property of plaintiff and defendant." (Emphasis supplied.)

It will be observed that in the judgment proper the court adjudged the property in question "to be the property of plaintiff and defendant" without specifically designating in what capacity the property was owned. The co-mingled and confusing findings of fact and conclusions of law might lead one to believe that the court had found the property to be held in joint tenancy or as community property or that any value in the property in excess of $9,921.16 was community property. Counsel for defendant to no avail excepted to the findings of fact and conclusions of law and pointed out their inconsistencies. He has here appealed and as a consequence has interpreted some of the conclusions of law together with the judgment as holding that the real property is community property subject to the lien fixed by the court. Summarizing the assignments, they challenge the findings of fact and resulting judgment in these particulars:

1. The finding that the plaintiff had advanced $9,921.16 of her separate funds in the improvement of the property; and

2. The finding that the household and kitchen furnishings were the separate property of the plaintiff, both upon the ground that such findings are not substantiated by the evidence.

3. The judgment that any part of the realty is community property.

4. The rendering of a personal judgment against the defendant on account of the moneys found by the court to have been advanced by the plaintiff in the improvement of the joint tenancy property.

5. The holding to the effect that the interest of the defendant in the joint tenancy property is subject to a lien in favor of plaintiff for the amount of the personal judgment.

The plaintiff brought her action for divorce upon the ground of cruelty and her complaint alleged that the real property owned by them belonged to the community and that the household and kitchen furnishings located on part of the property (rental property) were community property and that other household furnishings consisting of beds, tables, cabinets and other items were her sole and separate property. The defendant answered denying the charge of cruelty and that the real estate belonged to the parties as community property and in this regard affirmatively alleged that the real property as described in plaintiff's complaint was held by the parties not as community property but as joint tenants with right of survivorship and that the court in the divorce proceeding did not have jurisdiction to divide such property or otherwise act in relation thereto. The defendant also denied that the parties owned *any* community property.

By way of cross-complaint defendant set up facts showing that plaintiff was guilty of cruelty toward him and that the real property claimed by plaintiff belonging to

the community was in fact held by the parties as joint tenants. The court granted plaintiff a divorce on her complaint and disposed of the property as above indicated. The defendant appeals from this judgment and from the "whole thereof".

■■■ Both parties introduced evidence in support of their respective charges of cruelty and after hearing it the court accepted that of plaintiff and granted her a decree of divorce. It would serve no useful purpose to recite the testimony and it is only necessary to say that it was sufficient to support the decree and such being the case this court cannot do otherwise than affirm the judgment dissolving the bonds of matrimony.

■■■ The evidence discloses that some of the household and kitchen furnishings belonged to the plaintiff prior to the marriage, that other furnishings were purchased subsequent to the marriage from her separate funds and a small portion of other furnishings were purchased from community funds, or in process of being purchased from community funds at the time of the decree. By the provisions of section 27-805, A.C.A. 1939, the court, upon entering a decree of divorce, shall order such division of the property of the parties as to the court shall seen just and right. A fair review of the evidence discloses that most of the household and kitchen furnishings either belonged to the plaintiff at the time of her marriage or were secured through her separate funds. In view of the code provision referred to, it appears that the court did not abuse its discretion in setting over to the plaintiff all the community household furnishings located in the two houses on the premises and in setting over to defendant the truck, plumbing tools and equipment.

A review of the testimony discloses that the parties were married November 4, 1944 and separated sometime prior to the filing of the complaint for divorce on August 18, 1949. At the time of the marriage, defendant owned, as his sole and separate property, the real estate described in the complaint on which was located a one-room shack practically uninhabitable and which he had purchased in 1942 for the sum of $550. Subsequent to the marriage, the parties caused the real property to be deeded to both parties in joint tenancy by an instrument designated "Joint Tenancy Deed" reciting that the conveyance was made to: "C. W. Collier and Zelpha Banta Collier, his wife as joint tenants Grantees, not as tenants in common and not as a community property estate, but as joint tenants with right of survivorship". The deed was signed by the grantor and accepted by the grantees with the following endorsement: "The above deed is accepted and approved by the Grantees; it being their intention to acquire said premises as joint tenants with the right of survivorship, and not as community property or as tenants in common."

The right of husband and wife to hold property as joint tenants in derogation of our community property statutes has been recognized by this court provided it clearly appears the spouses have agreed that the property should be taken in that manner. In re Baldwin's Estate, 50 Ariz. 265, 71 P.2d 791; Henderson v. Henderson, 58 Ariz. 514, 121 P.2d 437; Blackman v. Blackman, 45 Ariz. 374, 43 P.2d 1011.

In the instant case, the deed created an estate in joint tenancy and was knowingly and intentionally accepted as such by the grantees. This set of facts was conclusive upon the trial court and justified the finding that the real estate was held in joint tenancy. This finding, together with that portion of the judgment where it is "ordered, adjudged and decreed that the real estate hereinabove described be adjudged to be the property of plaintiff and defendant" should and must be interpreted as a judgment decreeing the property to be owned by the parties as joint tenants from and after the date of conveyance.

With reference to that portion of the judgment wherein it is said: "It Is Further Ordered, Adjudged And Decreed that to secure payment of the aforesaid sum, a lien is hereby fixed upon the real estate described herein for the payment of said sum, with interest thereon at the rate of six per cent per annum from date of judgment until paid, and that any other property *above* the property herein described and particularly disposed of by this judgment, be adjudged to be the community property of plaintiff and defendant." (Emphasis supplied.) we believe that the word "above" in the portion above quoted should be interpreted to mean "in addition to". Such wording would preclude any interpretation that any interest in the real estate after plaintiff's so-called lien was satisfied was community property. If such interpretation is not made the judgment in this respect is clearly erroneous for the reason that property owned by husband and wife as joint tenants is not held or owned as community property. The fact that the co-tenants happen to be husband and wife has no bearing upon the nature or quality of their ownership just as their marriage is of no consequence when considering the nature and quality of the ownership of the separate property of each.

"The general rules relating to joint tenants and tenants in common are applicable to husband and wife when they are deemed to hold as joint tenants or tenants in common, provided the common-law disabilities of the wife have been removed by statute so that the rules may apply." 41 C.J.S., Husband and Wife, § 33 (citing cases). See sections 63–301 to 63–306, A.C.A. 1939, re rights of married persons. In connection with a joint tenancy ownership, each owns an interest therein as separate property; In re Harris' Estate, 9 Cal.2d 649, 72 P.2d 873; Conard v. Conard, 5 Cal.

412

App.2d 91; 41 P.2d 968; and the interests of each are identical, Moore Lumber Co. v. Behrman, 144 Misc. 291, 259 N.Y.S. 248; 23 Words and Phrases, Joint Tenancy, p. 107.

Our section 27–805, A.C.A. 1939, relating to the disposition of property upon the entry of a divorce decree, reads as follows: "On entering a decree of divorce the court shall order such division of the property of the parties as to the court shall seem just and right, according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property. The court may, however, fix a lien upon the separate property of either to secure the payment of any interest or equity that the other party may have in or to such separate property, or any equity that may arise in favor of either party out of their property during the existence of the marriage relation, or to secure the payment of an allowance for the support and maintenance of the wife or minor children of the parties. * * *" Although this section provides: "On entering a decree of divorce the court shall order such division *of the property of the parties* as to the court shall seem just and right," (emphasis supplied) the phrase "the property of the parties" can only refer to the community property of the parties. This conclusion is inescapable for the reason that the section specifically provides that in ordering a division of the property

of the parties, such division cannot compel either party to divest himself or herself of the title to separate property. See Wiltbank v. Wiltbank, 18 Ariz. 435, 162 P. 60; Brown v. Brown, 38 Ariz. 459, 300 P. 1007; Schwartz v. Schwartz, 52 Ariz. 105, 79 P.2d 501, 116 A.L.R. 633. Since the interest of a joint tenant is separate property, it follows that a court is without jurisdiction in a divorce proceeding to compel either co-tenant to divest himself or herself of his or her title.

Plaintiff testified that at the time of the marriage she was possessed of the sum of $5,000 and invested it in improving the property. She also testified that subsequent to the marriage she sold her separate real estate in the state of Colorado realizing therefrom the net sum of $5,123.78 and that prior thereto she had received rentals from this property in the sum of $673.88, all of which she invested in improving the property. The testimony is not clear as to whether she had $10,000 or only $5,800. This confusion arises from the fact that she repeatedly referred to the sums from Colorado as being the moneys that she invested in improving the property. Since we are sending the case back for retrial, we believe that justice will be best served if this confusion is cleared up rather than to affirm the finding on the ground that there is some testimony in the record to justify the finding of the expenditure of $9,921.16.

The finding that Mrs. Collier from her separate funds had invested $9,921.16 in the improvement of the property did not specifically indicate whether the improvements were made before or after the creation of the joint tenancy. From the context of the judgment it is reasonably inferable that the finding is that plaintiff advanced the sum of $9,921.16 in the improvement of the joint tenancy property. The finding and judgment so interpreted is not justified by the evidence for the reason that from the evidence and exhibits in the case, particularly Exhibit "C" (handwritten memorandum made by plaintiff of disposition of proceeds of Colorado sale) it appears that these funds were expended for improvements on the property and were made at a time when the property stood in the name of the defendant and prior to the creation of the joint tenancy. If plaintiff advanced an additional $5,000 which she expended on the property after the creation of the joint tenancy, then a finding to that effect would by justified.

From the findings and judgment we conclude that the trial court was of the opinion that the plaintiff ought to be reimbursed for the funds she had expended in improving the property. But upon what theory is not disclosed. Was it upon the theory that she was entitled to be reimbursed for making improvements on defendant's separate property, or was it upon the theory that plaintiff was entitled to be reimbursed for the contribution that she made in improving the joint property?

For the guidance of the court on retrial, we will point out that a co-tenant's right to reimbursement for expenditures made in improving joint tenancy property with the express or implied consent of the other co-tenant is limited in its enforcement to either a credit on an accounting or the declaration and enforcement of a lien against the other co-tenant's interest in the property. Freeman on Cotenancy and Partition, Sec. 263; Conley v. Sharpe, 58 Cal.App.2d 145, 136 P.2d 376. For example, if the improving tenant spent $1,000, he would be entitled to a lien in the sum of $500, representing the amount that should have been contributed by his co-tenant. In no event is he entitled to a personal money judgment disconnected from any agreement between the parties or from any circumstances which clearly establish that one must necessarily have been authorized to act for the other. 14 Am.Jur. Cotenancy, Sec. 43.

The instant appeal also presents this problem, does the court in a divorce proceeding have jurisdiction to compel a partition of the property held by the parties in joint tenancy? Counsel for appellee relies upon our case of Henderson v. Henderson, supra, as authority for the proposition that the trial court may compel a partition. In that case, the wife, after marriage, from her separate funds ad-

vanced a substantial sum of money for the purchase of real property which was taken by deed in joint tenancy. The husband had made no cash contribution from his separate funds but had executed a note with his wife to secure $2,000 which was used in the purchase price. The decree of divorce held that the property was the separate property of the wife. On appeal this court reversed that portion of the judgment and held that the property was held in joint tenancy and then referred the action back to the trial court with this direction: "The court should take such action regarding it as will enable the plaintiff and defendant to realize their respective interests in it when the obligations against it are satisfied." [58 Ariz. 514, 121 P.2d 440.] We think this direction should be interpreted as meaning that the trial court was privileged to entertain an action in partition at the instance of the parties or either of them.

We know of no reason why the general statutory provisions relating to partition, Secs. 27–1301 et seq., A.C.A. 1939, are not available to the parties in a divorce action. Since the court in such a proceeding may not compel either party to divest himself or herself of the title to separate property, it must necessarily have resort to an action in partition to sever the separate interests in the joint tenancy property, and we hold that actions for divorce and actions for partition, both being equitable proceedings, may be joined in one complaint and should be stated in separate counts. Multiplicity of actions is to be avoided and usually in divorce proceedings the parties are desirous of not only settling their marital differences but also adjusting their property holdings. It would be an unusual occurrence for divorced parties knowingly to retain their property as joint tenants with right of survivorship for, in the absence of a provision in the decree finally partitioning property held in joint tenancy, its character as such estate remains unchanged. Westerlund v. Myrell, 188 Wis. 160, 205 N.W. 817. In the Henderson case, the court clearly recognized the property was held in joint tenancy and that any partition thereof would have to take cognizance of the respective interests which interests, as we have pointed out above, are identical and equal.

The judgment is affirmed in the following respects:

1. Granting to the plaintiff a decree of divorce and restoring her maiden name.

2. Awarding to plaintiff her separate furnishings and the community furnishings.

3. Awarding to defendant the truck, plumbing tools and equipment as his separate property.

4. Directing plaintiff to pay additional attorney fees in the sum of $100.

5. Adjudging the real property to be held in joint tenancy, as we have interpreted the judgment.

In all other respects the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

UDALL, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.