419 P.2d 726

**Irene DeMARCE, Appellant,**

v.

**Merle L. DeMARCE, Appellee.**

No. 7942.

Supreme Court of Arizona.

In Banc.

Nov. 2, 1966.

Jeremy E. Butler, Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

Jack C. Cavness, Cavness, DeRose & Senner, Phoenix, for appellee.

McFARLAND, Justice.

This is an appeal by appellant from a judgment and decree of divorce. Judgment was filed on January 17, 1963, after a motion for a new trial was denied.

Appellant, Irene DeMarce, hereinafter designated as plaintiff, filed a complaint for separate maintenance against her husband, Merle L. DeMarce, the appellee, hereinafter designated as defendant. Defendant filed an answer and counterclaim for divorce. Plaintiff amended her complaint during the trial and asked for a divorce. The judgment granted plaintiff a divorce, gave her custody of one of the four children of the parties and a portion of some of the real estate.

Plaintiff appeals from only certain portions of the judgment awarding her a decree of divorce, excluding from her appeal those portions awarding her a decree of divorce, the custody of one of the minor children, and the payment of attorneys' fees.

Defendant filed a cross-appeal relating to payment of plaintiff's attorneys' fees.

Plaintiff and defendant were married in 1939 and four children were born as issue of the marriage. There was no dispute regarding the custody of the two older children, as one was 21 years of age and the other 19 years of age and had been married. One of the children, Connie DeMarce, age 12, had been living with her mother and a boy, Wesley, age 14, had been living with his father.

The judgment of the court divided the property, giving the husband one of the dwellings and the unimproved portions of the property, and giving the wife the remaining property with the dwellings on it. The court also awarded the wife all of the parties' interest in the corporation known as Imperial Construction Company, Incorporated. Plaintiff contends this division of the property was unfair to her, and that the court lacked jurisdiction to divide the real property, alleging it was held in joint tenancy by the husband and wife. She also contends that the court abused its discretion in the division of the community property, and in not awarding her alimony.

In her complaint plaintiff alleged that she and defendant owned property at 2710 N. 40th Street, this being the property which was divided by the court.

Defendant in his counterclaim alleged that "the parties hereto have accumulated various and sundry real and personal property which should be divided by the parties in a just and equitable manner." Defendant filed an appraisal report by Blake & Kirkpatrick, valuation engineers, appraising the real property and attempting to show a reasonable half and half division of the property. Plaintiff's counsel questioned her in regard to this appraisal as follows:

"Q Mrs. DeMarce, a sketch of the area which you and Mr. DeMarce own is Exhibit 1 in evidence. You will notice that there is a red line drawn through a portion of the property.

"A Yes, sir.

"Q And the figure $52,500.00 on one part of the property and a figure of $52,500.00 on the other property?

"A Yes, sir.

"Q Now, in relation to a proposed division of your interests, in this property in the event that the Court should accept, or should determine that that would be an appropriate division of the property—Of course, we don't

know—which of these two parcels would you prefer to have?

"A Well, I would rather have this part."

The only other reference to the property was in the examination of defendant by plaintiff's counsel in which he asked defendant questions as follows:

"Q Can you tell us how the property is held; is it in joint tenancy or—

"A Yes.

"Q In joint tenancy?

"A Yes, sir.

"Q Jointly with Mrs. Irene DeMarce, the plaintiff in this case?

"A Yes, sir."

The judgment was prepared and submitted and no objection to the property being divided as community property appears in the record. No objection was made to the judgment before it was signed by the court. Plaintiff's motion for a new trial does not state the property divided was separate property. It was based on the following grounds:

"1. That the trial court abused its discretion in awarding to the plaintiff an inequitable share of the community property of the parties.

"2. That the trial court erred in its decision in awarding to the defendant a greater share of the community property and denying to the plaintiff adequate support for the minor child and custody of one of the minor children.

"3. That the trial court erred in its decision in denying to plaintiff a reasonable sum as and for alimony."

The real property which was divided by the court was the principal asset of the parties. The objection to the jurisdiction of the trial court to make the division of the property does not appear in the records of the lower court and is presented for the first time in this appeal.

■■ Where the parties request the court to make a division of property, the court has jurisdiction to determine what property is community property. Headley v. Head-

ley, Ariz., 419 P.2d 510; Collier v. Collier, 73 Ariz. 405, 242 P.2d 537. In Bowler v. Leonard, 70 Nev. 370, 269 P.2d 833, the court said:

"* * * If the court is to dispose of the community as the statute requires it to do, it is obvious that it must have power to ascertain the extent of the community. It must, then, be recognized to have power to examine into the nature of the property rights of the parties and determine the character of such rights in the light of the marital relationship. * * *" 269 P.2d at 836

■■ The 1962 amendment to A.R.S. § 25–318, subsec. A gives the court, in a divorce case, jurisdiction over the division of the property held by the spouses in joint tenancy; however in the instant case the property was acquired before the adoption of the 1962 amendment and is not affected by this amendment. Headley v. Headley, supra. Prior to this amendment, the right of a husband and wife to hold property as joint tenants in derogation of their community property status was recognized by this court, provided it clearly appears the spouses agree that the property should be taken in that manner. Headley v. Headley, supra; Collier v. Collier, supra.

In the case of In Re Baldwin Estate, 50 Ariz. 265, 71 P.2d 791, this court held:

"* * * If the spouses may contract with each other concerning the interest of either in the community, there can be no reason why they may not agree between themselves that it may be conveyed to them in the first instance and held in joint tenancy. As between husband and wife a joint tenancy is an exception to the community property rule of this state and in derogation of the general policy of that system of holding property, and this being true a clause in a deed creating a joint tenancy between them should be effective only where it clearly appears that both spouses have agreed that the property should be taken in that way. A deed is generally signed by the grantor only, hence, before a joint

tenancy clause may be held binding on the grantees and the community property law thereby defeated, we think it necessary not merely that the deed contain language creating such an estate but that it further appear that the deed was accepted by the spouse whose property it is sought to bring within its terms, knowing that it contained that provision. If the deed itself contains nothing showing this fact, such, for instance, as an acceptance of the terms thereof in the handwriting of the grantees, or an endorsement by the recorder that it was placed of record at the request of the deceased spouse, it might be established by any proper extrinsic evidence." 50 Ariz. at 274, 71 P.2d at 795.

The question presented here is whether it clearly appears that the spouses agreed that the property should be taken and held in joint tenancy. It does not so appear from the record.

The answer "Yes" by defendant to the question of whether the property was held in joint tenancy falls short of the test in In Re Baldwin Estate, supra.

■■ There was admitted in evidence an appraisal and a suggested division of the property which plaintiff now contends is separate property. The appraisal was prepared by valuation engineers at the request of counsel for defendant. Plaintiff, in answer to the question by her counsel, indicated the division of the property which she desired. The record indicates the property was bought with community funds and was treated as community property, both before and during the trial. Property acquired during marriage is presumed to be community property. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966.

The deeds were not introduced in evidence and there was no evidence that both of the spouses agreed to take and hold the property in joint tenancy. Under these facts we cannot say that it clearly appears that the spouses agreed that the property should be taken in joint tenancy.

We therefore hold the court had jurisdiction to divide the property as provided in the judgment.

The next question presented was whether the court abused its discretion in making the division of the property and in failing to award plaintiff alimony. The court, in making this division and in failing to award plaintiff alimony, undoubtedly took into consideration the estimated value of the property in the appraisal, the testimony of both the plaintiff and defendant in regard to the income therefrom, and the earnings of each—also the testimony in regard to the health of defendant.

■■ We have held that the question of the division of community property was in the discretion of the lower court. Porter v. Porter, 67 Ariz. 273, 195 P.2d 132; Schwartz v. Schwartz, 52 Ariz. 105, 79 P.2d 501, 116 A.L.R. 633. This duty imposed on the trial court will not be disturbed in the absence of a showing of an abuse of that discretion. Patterson v. Patterson, 63 Ariz. 499, 163 P.2d 850; Tennery v. Tennery, 35 Ariz. 69, 274 P. 638. We do not find such an abuse of the discretion in the instant case.

■■ We have likewise held that the question of alimony is one left to the sound discretion of the trial court and that a husband should not be required to pay alimony unless the court finds it necessary for the support and maintenance of his wife. Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337. The wife in the instant case was working and although her earnings were not great, the court did not abuse its discretion in finding her earnings, coupled with the income from the property made alimony unnecessary.

■■ Defendant has filed a cross-complaint in this appeal contending the court erred in ordering him to pay the sum of $1500 as plaintiff's costs and attorneys' fees. Defendant stipulated that plaintiff's counsel had accumulated approximately 38 hours in the preparation and trial of the case. The amount of the fee was in the

discretion of the trial court. Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559. The court in its discretion fixed the attorneys' fees at $1500. We do not find an abuse of the court's discretion.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.