455 P.2d 472

**Guido Arnold ALIPRANDINI, Appellant,**

**v.**

**Angeline Mary ALIPRANDINI, Appellee.**

**No. 2 CA–CIV 607.**

Court of Appeals of Arizona.
June 16, 1969.

Rehearing Denied July 17, 1969.

Cavness, DeRose, Senner & Foster, by Barry DeRose, Globe, and Edward L. Dawson, Globe, for appellant.

Donald C. Premeau, Globe, for appellee.

KRUCKER, Judge.

The sole question presented in this appeal is whether the trial court abused its discretion in ordering the appellant-husband to pay alimony of $50 per month to the appellee.

Appellant filed suit against his wife in 1967 seeking an absolute divorce. The wife filed an answer and counterclaim, and judgment was entered on her counterclaim on the 21st day of May, 1968, granting her an absolute divorce and awarding her $50 per month as alimony. The parties were required to bear their own respective costs and attorneys' fees.

The factual posture is quite simple. The parties had been living separate and apart under a decree of separate maintenance entered in 1960. At the time of trial of the divorce action, appellant was 70 years old and the wife 64 years old. Both are drawing Social Security and are in poor health. Appellant claims to be suffering from ulcers, a rupture, and the crippling effects of polio, suffered all his life, which he claims renders him unable to perform any physical labor. Appellee is arthritic, having arthritis of the spine, knees and hands. She suffered a broken wrist in 1960 which is claimed to have aggravated the pre-existing arthritic condition. There was born the issue of this marriage three children, all of whom have attained their majority.

It is uncontroverted that the husband's income is $202 a month, derived from Social Security in the amount of $112 and an insurance annuity of $90 per month. The wife's income is $95.60 per month. This is derived from interest on savings of approximately $50 per month and Social Security in the amount of $45.60 per month. She received a property settlement in the separate maintenance action which resulted in her having a bank account of approximately $15,000 from which she receives the interest item of approximately $50 per month. It also appears that neither party is employed or employable, and the trial court had a difficult problem in resolving the question of an alimony award.

Factors to be considered in allowing alimony include needs of the wife and her ability to support herself, ability of the husband to pay, and other circumstances, including their standard of living. *Kennedy v. Kennedy*, 93 Ariz. 252, 379 P. 2d 966 (1963). The trial court is vested with broad discretion to determine what is a reasonable amount of alimony, if any. *Kennedy,* supra. Appellate courts decline to upset the trial court's determination unless the award is so clearly excessive and oppressive as to work an injustice. *Warren v. Warren*, 2 Ariz.App. 206, 407 P.2d 395 (1965); *Cummings v. Lockwood*, 84 Ariz. 335, 327 P.2d 1012 (1958). Where the evidence showed that alimony was not necessary for the support and maintenance of the wife, a denial of alimony has been upheld. *See,* Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 (1953).

It appears to us that the gross incomes of the parties are rendered substantially equal by the allowance of alimony to the wife. Although it appears that appellant is obligated to pay $99 per month on a bank note, for which his automobile is pledged as security, an unfortunate circumstance, this is but a temporary condition as the loan should soon be paid off.

We believe the trial court carefully analyzed the respective positions of the parties with a view to effecting equality of income. The award of alimony fairly resolved the difference in income, hence we find no abuse of discretion. The judgment is therefore affirmed.

HATHAWAY, J., concurs.

MOLLOY, Chief Judge (dissenting).

While I believe this court should be reluctant to reverse the delicate decision of setting the amount of alimony, my vote would be to reduce this alimony award. Awards of alimony should not be made to reward frugality nor to punish profligacy but should be based on other factors, most of which are acknowledged in the majority opinion. Here, I can see some justification for equalizing the Social Security payments received by these parties. Beyond that, I see no good reason for requiring alimony.

There is no evidence in this record of violation of customary marital duties, a consideration sometimes recognized in divorce courts when setting alimony. The wife was granted this divorce under our five years' separation provision. *See* A.R.S. § 25–312, subsec. 7.

An analysis of the evidence indicates that this divorce decree leaves the husband near the end of his life's course without substantial property. The wife, on the other hand, has over $15,000 in the bank. Giving no more consideration to this money than that it returns $50 per month interest, apparently from a bank which does not even pay the going rate on savings accounts, does not do justice to the asset as far as offsetting the need for alimony is concerned. As for wages to be earned, I believe the evidence is clear that the wife is at least as employable as the husband.

An equalization of Social Security payments would call for an alimony of $33.20 per month. This suggestion is open to the criticism that an appellate court would be picayunish in exercising its powers in such a small way. But, when one's total income is $202 per month, even $16.80 per month is significant. And, as I say, in my view, $33.20 per month is the *maximum* to which appellate imprimatur should be given; under the facts of this case, I believe a trial court would have been better advised to have awarded no alimony.