489 P.2d 729

**Doreen NEEDEL, Appellant,**

v.

**Herbert D. NEEDEL, Appellee.**

**No. 2 CA–CIV 979.**

Court of Appeals of Arizona,
Division 2.

Oct. 12, 1971.

Rehearing Denied Oct. 28, 1971.

Review Denied Nov. 30, 1971.

Lillian S. Fisher, Tucson, for appellant.

Feldman, Wolin & Lahr by Marvin S. Wolin, Tucson, for appellee.

HOWARD, Judge.

Appellant Doreen Needel filed for a divorce in superior court in July of 1970. *Inter alia* her complaint asked for alimony, attorney's fee and costs and that she be made a tenant in common of the residence in which they resided or, in lieu thereof, receive a cash amount. The appellee filed an answer and counterclaim, which answer was subsequently amended at the date of trial.

After two days of trial before the court, a "Brown Decree" was awarded, granting a divorce without specifically granting the decree to either party. The court in this decree, among other things, denied alimony to appellant, ordered her to pay her own attorney's fees and court costs, awarded the residence to the appellee subject to a lien in favor of the appellant in the sum of $3,659, which sum represented appellant's interest in the property.

The appellant claims the trial court erred in the following respects: (1) Improper disposition of joint tenancy property; (2) not awarding her alimony, attorney's fees and court costs; (3) not permitting her to testify as to the expenses she would have to incur to care for and maintain her children by a prior marriage; (4) allowing into evidence her answer to an interrogatory concerning funds in the Arizona Teachers Retirement System; (5) permitting pleadings to be amended immediately prior to trial; (6) failing to allow plaintiff to testify as to the interest on an automobile loan and the failure of the trial court to award the wife a judgment in the amount of the loan; (7) awarding a "Brown Decree"; (8) other errors in the admission or rejection of evidence.

## THE JOINT TENANCY PROPERTY

Both appellant and appellee had been previously married and had their own minor children. When they married each other in 1966, they moved into a residence which appellee and his deceased wife had owned for a period of eight years prior. Both appellant and appellee contributed community income for house payments and home improvements prior to January of 1970. Since the home was involved in the probate of the estate of the deceased wife of appellee, he was not able to make any disposition of it prior to January of 1970 and he finally put title of the property in himself and appellant as joint tenants with the right of survivorship. Appellee testified that he "gave" his wife half of the house.

Appellee testified that at the time of trial their equity in the house amounted to between $18,000 and $20,000. Our perusal of the record of trial indicates that the sum the trial court awarded to appellant for her interest approximates one-half of the sums expended by the parties during marriage for home improvements and reduction of the principal balance owed on the mortgage. Appellant contends that the court had no jurisdiction to award her anything less than a sum equal to one-half of their equity.

In 1962, A.R.S. § 25–318, subsec. A was amended to read as follows:

"On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property, *except that as to property held by the parties either as joint tenants with right of survivorship, as tenants in common, or as tenants by the entirety, the court may in the same action, on its own initiative or on petition of either party, order division of such property, or enter an order directing partition of such property in the manner provided by title 12, chapter 8, article 7.*" *(Emphasis added)*

The italicized portion was added by the amendment.

In the case of Collier v. Collier, 73 Ariz. 405, 242 P.2d 537 (1952), decided prior to the 1962 amendment, the court held that under the provisions of § 27–805, A.C.A., 1939, which contained the same provisions of A.R.S. § 25–318 prior to the 1962 amendment, the court was without jurisdiction in a divorce proceeding to compel either co-tenant to divest himself or herself of his or her title to joint tenancy property since the interest of a joint tenant is separate property.

The appellant contends that the 1962 amendment has done nothing more than give the court jurisdiction to make an equal partition of the property in a divorce action instead of compelling the parties to petition for partition in a separate proceeding. We do not agree. In Collier v. Collier, supra, decided prior to the amendment, the court held that actions for divorce and actions for partition, both being equitable proceedings, may be joined in a complaint for divorce. It is a rule of statutory construction that there is a duty on the court to give effect to a statutory amendment, since it is presumed that the legislature by amending a statute, intends to make a change in existing law. Trump

v. Badet, 84 Ariz. 319, 327 P.2d 1001 (1958). It is further a canon of statutory construction that the primary duty of a court in construing a statute is to attempt to ascertain the true intent of the legislature at the time it enacted the statute. Bushnell v. Superior Court, 102 Ariz. 309, 428 P.2d 987 (1967). We do not believe that the legislature intended merely to codify the holding of the court in Collier v. Collier, supra. Rather, we believe that the legislature recognized the widespread practice in the State of Arizona of putting property in joint tenancy with the right of survivorship in order to avoid the expense and delay of probate proceedings. The language of the statute as amended clearly indicates to us that the legislature intended that the court should be able to exercise the same powers over joint tenancy property as it exercises over community property. That being so, the trial court is not required to divide the property evenly, only equitably. Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968). Considering the contribution made by both parties towards the equity in the home we do not believe that the court abused its discretion in the manner in which it compensated appellant for her interest.

## ALIMONY AND COURT COSTS—EXPENSES OF SUPPORTING HER OWN CHILDREN

■■ As has been pointed out numerous times the trial court is vested with broad discretion to determine what is a reasonable amount of alimony, if any. Aliprandini v. Aliprandini, 10 Ariz.App. 23, 455 P.2d 472 (1969). The factors to be considered in determining alimony includes the needs of the wife, her ability to support herself, the ability of the husband to pay and other circumstances including the standard of living. McClennen v. McClennen, 11 Ariz.App. 395, 464 P.2d 982 (1970). The appellant was prior to the time of the marriage and at the time of the divorce a school teacher. She earns approximately $12,000 a year as a school teacher and also receives the sum of $110 per month for child support from her ex-husband for her children of a prior marriage. There is nothing in the record that indicates that appellant is presently suffering from any physical or mental disability that impairs her ability to continue earning a living. Appellant complains that the trial court refused to allow testimony as to how much she must expend to support the children of her former marriage. She claims that the trial court needed this testimony in order to determine what her needs were. We disagree and note that appellant has failed to provide any authority to support this unusual position. A.R.S. § 25–319 authorizes the court to award the wife such amounts as are necessary for the support and maintenance of the "minor children of the parties * * *." Appellant's children were never adopted by the appellee and are not "minor children of the parties" within the meaning of A.R.S. § 25–319. Allowing the wife to testify as to how much she needs to expend for her children over and above the child support she is receiving from her ex-husband would be tantamount, if the court ordered alimony, to ordering the appellee to support someone else's children contrary to the authority of the court in A.R.S. § 25–319. See Smiley v. Smiley, 46 Idaho 588, 269 P. 589 (1928).

■■ The court did not err in denying the wife alimony nor did it err in refusing to admit the testimony as to the expenses she needed to support her children. Furthermore, the record discloses that appellant had adequate sums of her own to pay her own attorney's fees and court costs. Consequently, the court did not abuse its discretion in failing to award her attorney's fees and court costs.

## APPELLANT CONTENDS THAT THE COURT ERRED IN ALLOWING INTO EVIDENCE HER ANSWER TO AN INTERROGATORY

■ The appellee had sent a request for written interrogatories to the appellant. Among the interrogatories was a question concerning how much money appellant had contributed to her Teachers Retirement Fund during the last three and one-half years immediately preceding the filing of

the divorce complaint. Appellant answered the interrogatory by attaching thereto a letter from the Teachers Retirement Fund which indicated that appellant had the approximate sum of $5,000 credited to her retirement during that period of time. Appellant asserts that the letter was hearsay and that therefore, her objection at the time of trial on the grounds of hearsay was sufficient to prohibit the answer to the interrogatory to be admitted in evidence. Appellant cites no authority for such position, we know of no such authority and her argument is devoid of any merit. Her answer constituted an admission of a party opponent and was admissible as an exception to the hearsay rule. Bogard G.M.C. Co. v. Henley, 92 Ariz. 107, 374 P.2d 660 (1962); Udall, Arizona Law of Evidence, § 177, p. 373.

## THE AMENDMENT TO THE ANSWER AND THE AUTOMOBILE LOAN

We discuss these two allegations of error together since appellant's argument on them is intertwined.

 Under Paragraph 14 of plaintiff's complaint the appellant alleged that she borrowed certain funds for the exclusive use of the defendant and his daughter of a prior marriage and that there is still money due and owing on this obligation and that the defendant should pay the sum in full and hold the plaintiff harmless for the same. The appellee in his original answer admitted the allegations of this paragraph, but by virtue of the amendment which the court allowed he denied the allegations. We are at a complete loss as to understand how appellant was prejudiced by the allowing of this amendment since the trial court ordered the appellee to hold appellant harmless for the payment of this loan, which concerned the loan for the automobile of the daughter of the appellee. The effect of this order of the court was, in essence, to order the appellee to pay the same. Appellant now complains that the court erred in not simply giving her a judgment in the amount of the loan, or alimony in that amount, rather than simply order the appellee to hold her harmless. We do not believe this constitutes error and do not believe that the court abused its discretion in entering judgment on this point in the manner in which it did.

## THE BROWN DECREE

 In Acheson v. Acheson, 107 Ariz. 235, 485 P.2d 560 (1971), the court held that a "Brown Decree" may be granted only where both parties have established satisfactorily legal grounds for divorce. Appellant contends that there was no evidence before the court which would have given jurisdiction to enter a "Brown Decree" in this case. Our perusal of the testimony of the appellee indicates that he testified that for a period of approximately four months prior to the time the divorce complaint was filed, his wife, unjustifiably, refused to have sexual relations with him. He also testified that his wife was constantly degrading and demeaning his children to others in public. Appellant has failed to provide us with a written transcript of the testimony of appellee's corroborating witness. Having failed to provide us with this testimony, we presume that this testimony was corroborated and therefore, reject appellant's contention. See Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P.2d 398 (1966).

## OTHER ERRORS IN THE ADMISSION OR REJECTION OF EVIDENCE

In a final potpourri of alleged error, appellant contends she was not permitted to estimate the total amount of improvements that she put in the house while she was paying the bills. Although the court allowed her to testify as to the amounts, the court for some reason, did not allow her to state the total amount. This could be simply arrived at by adding the amount of the bills, which we assumed that the court was able to do without the aid of the appellant and therefore, find no error.

 Appellee was asked by his attorney on direct examination as to why he felt the appellant ceased to sleep in the same bed with him and ceased to have relations with him in January of 1970. Appellant objected on the grounds that the answer to the question would be speculative. Appellee answered by stating that he thought that she ceased sexual contact because she had decided to get a divorce. Although the question calls for the opinion of the appellee, we believe that this is one of those areas where the opinion of a lay witness is helpful to the trier of facts and admissible within the discretion of the court.

Appellee was also permitted to testify, over objection of the appellant, whether or not he believed that his deeding of one-half of the house to appellant had anything to do with her decision to seek a divorce. Appellee's answer to that question is so indecisive and illusive as to belie any possibility of prejudicial error.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.