497 P.2d 396

**Mary BECCHELLI, Appellant,**

v.

**Domenic BECCHELLI, Appellee.**

**No. 1 CA–CIV 1494.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 18, 1972.

Rehearing Denied June 14, 1972.
Review Granted July 13, 1972.

---

Edward E. Selden, Phoenix, for appellant.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, for appellee.

EUBANK, Judge.

Defendant-wife appeals from a judgment of divorce in favor of the plaintiff-husband, questioning the propriety of the di-

vorce granted the plaintiff, the disposition of the property, and the amount of alimony awarded her by the trial court.

The parties were married in Phoenix on October 19, 1966, after an acquaintanceship of less than two weeks. Both of the parties were elderly persons at the time of their marriage and each had previously been married. The record indicates that the plaintiff received income from a small pension, social security, and from the performance of various gardening services. The record fails to reveal the exact amount of his monthly earnings. Defendant-wife for a time worked as a buttonholer and was paid on a piecework basis. She quit work about a year after their marriage because of an injury and illness. She testified that when she was working she turned her paychecks over to her husband and did not know what he did with them. He testified that he cashed them for her and returned the cash to her.

At the time of their marriage the plaintiff owned a savings account of over $2,000. Plaintiff caused this account to be changed to a joint tenancy account with the defendant in November 1968.

During the marriage the parties acquired various real and personal property, some of which is the subject of this appeal. Additional facts will be stated hereafter when necessary.

■ Defendant-wife's first contention concerns the trial court's awarding the divorce to the plaintiff. She argues that plaintiff's grounds for divorce were not sufficiently corroborated as required by A.R.S. § 25–317, subsec. B. We have reviewed the record in this regard and find that there is some corroboration of the plaintiff's alleged grounds. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963), states the various principles which are controlling in determining the sufficiency of corroboration, and a review of the evidence shows that plaintiff's testimony concerning his wife's personal and housekeeping habits, together with the conditions in the house itself, were sufficiently corroborated to justify the decree of divorce in plaintiff's favor.

Defendant also alleges that she proved grounds for divorce in her favor, that her grounds were corroborated, and that the court erred in not granting her the divorce,. or at least awarding a "Brown decree." [1] The record indicates that the evidence was: contested on this issue. There is no question but that the trial judge was certainly in a better position to hear the evidence and to judge the credibility of the witnesses than we are. With the present state of the evidence, this Court will not substitute its judgment for that of the trial court. Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964). We find no error in the award of the divorce to the plaintiff.

Defendant next complains about the trial court's distribution of their joint tenancy and tenancy in common property.

■ The parties acquired two parcels of land near the city of Yuma in October 1967 for $12,000. The evidence is that for the most part the purchase price was paid for with plaintiff's separate funds. This real property was conveyed by warranty deed to and specifically accepted by both parties as "tenants in common." There is no testimony in the record that plaintiff did not intend to take the property in this: manner or was under any duress, coercion or disability before or during the transaction. On the sole basis that the Yuma property was purchased with plaintiff's separate funds, the trial court found as a. fact that the Yuma property was the plaintiff's separate property. In our opinion this was error.

■ There is no law in Arizona restricting a spouse in dealing with his separate property in any lawful way that he or she desires during coverture. Porter v. Porter, 67 Ariz. 273, 195 P.2d 132 (1948); A.R.S. § 25–213. Consequently, a husband can make a gift of his separate property to

1. *See* Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1951).

his wife and vice versa. The intention of the parties is controlling. Lincoln Fire Ins. Co. of New York v. Barnes, 53 Ariz. 264, 88 P.2d 533 (1939); Estate of Baldwin, 50 Ariz. 265, 71 P.2d 791 (1937). Both warranty deeds to the Yuma property contain the same language, which is as follows: ". . . [The grantor] do [es] hereby convey to DOMENIC BECCHELLI and MARY BECCHELLI, not as community property and not as joint tenants with right of survivorship, but as tenants in common the GRANTEES . . . ." The deed is then executed by both parties under a typewritten statement which reads, "ACCEPTED AND APPROVED." There is no other statement contained in the deed evidencing an intention contrary to the establishment of a tenancy in common. Under such circumstances and with no contrary evidence in the record, we hold as a matter of law that the plaintiff made a gift of an undivided one-half interest of the Yuma property to the defendant. Blaine v. Blaine, 63 Ariz. 100, 159 P.2d 786 (1945); O'Hair v. O'Hair, 16 Ariz.App. 565, 494 P.2d 765 (1972).

It must also be pointed out that the trial court is limited in its disposition of property in a divorce action by A.R.S. § 25–318, amended 1962. Subsection A of the section reads as follows:

"A. On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property, except that as to property held by the parties either as joint tenants with right of survivorship, as tenants in common, or as tenants by the entirety, the court may in the same action on its own initiative or on petition of either party, order division of such property, or enter an order directing partition of such property in the manner provided by title 12, chapter 8, article 7."

■ This section clearly states that the community property shall be divided in a manner which to the court "seems just and right", while separate property (undivided interests in joint tenancy and tenancy in common) are divided by partition as was necessary at common law.

In our recent opinion, Saxon v. Riddel, 16 Ariz.App. 325, 493 P.2d 127 (1972) we held, in part, that:

". . . this statute [§ 25–318; subsecs. A and C] does not increase the court's common law power to compel a sale of co-owned property, but merely allows the combining of a partition action under A. R.S. § 12–1211 et seq. with the pending divorce proceeding insofar as joint tenancy, tenancy in common, and tenancy by the entirety property is concerned. . . ." (493 P.2d at 130).

*Cf.* DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966). However, in a decision which pre-dates our Saxon case, Division 2 of the Court of Appeals came to a contrary conclusion in Needel v. Needel, 15 Ariz.App. 471, 489 P.2d 729 (1971) on the basis that prior to the 1962 amendment of A.R.S. § 25–318, court decisions had already permitted the joining of a partition action with a divorce claim in a divorce proceeding and that,

". . . since it is presumed that the legislature by amending a statute, intends to make a change in existing law. . . . [T]he legislature intended that the court should be able to exercise the same powers over joint tenancy property as it exercises over community property. That being so, the trial court is not required to divide the property evenly, only equitably. Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968). . . ." (15 Ariz.App. at 473–474, 489 P.2d at 731–732).

■ We disagree with the conclusions reached by Division 2 in that the application of rules of construction are demanded only where an ambiguity or conflict occurs in or between legislative enactments. Greyhound Parks of Arizona v. Waitman,

105 Ariz. 374, 464 P.2d 966 (1970). Where there is none, as here, the only question is to ascertain the intention of the legislature from the enactment. Our reading of Chapter 45, Laws of 1962 (A.R.S. § 25–318) [2] from its four corners, with a comparison to the A.R.S. section as it existed before amendment, demonstrates without argument that the legislature merely intended to update and amend the section to specifically permit partition in a divorce action and to provide the procedure for it. It is basically a "housekeeping" type of statute. In addition, it created a new discretionary power in the trial court to require partition even though neither party requested it. Furthermore, we believe that Division 2's reliance on Nace v. Nace, supra, is misplaced. Our Supreme Court was discussing *community* property when it said:

"[6] Under our statute, A.R.S. § 25–318, subsec. A, supra, the trial court is not required to divide the property even—

2. "                                        *Laws 1962*
*Relating to divorce judgment; partition proceedings; division of property; liens on separate property; ownership of property not provided for in judgment, and amending section 25–318, Arizona revised statutes.*
Be it enacted by the Legislature of the State of Arizona:
Section 1.   Sec. 25–318, Arizona Revised Statutes, is amended to read:
25–318.  *Divorce judgment; partition proceedings; division of community property; liens on separate property; ownership of property not provided for in judgment*
A.  On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property, except that as to property held by the parties either as joint tenants with right of survivorship, as tenants in common, or as tenants by the entirety, the court may in the same action, on its own initiative or on petition of either party, order division of such property, or enter an order directing partition of such property in the manner provided by title 12, chapter 8, article 7.
B.   In lieu of obtaining an abstract of title as provided by section 12–1214, the court may direct that it be supplied with a report as to the condition of title prepared by any title insurance company authorized to transact business in Arizona.
C.  If·a sale of the property is directed, any of the parties to the partition proceeding may become the purchaser at such sale.
D.  The court may impress a lien upon the separate property of either party to secure the payment of any interest or equity the other party has in or to such separate property, or any equity which may have arisen in favor of either party out of their property transfers and dealings during existence of the marriage relationship, or to secure the payment of any allowance for such support and maintenance of the wife or the minor children of the parties which may be directed under any other provision of this article.
E.  The judgment shall specifically describe the real property affected by the lien imposed and the lien shall attach to the property only when a certified copy of the judgment is recorded in the office of the county recorded (sic) of each county wherein the property affected is located.
F.  Any separate property of either party not subject to partition as provided in this section shall remain the separate property of the party free of all claims of the other party except such encumbrance as may be imposed thereon under the provisions of subsections D and E.
G.  The community property or the interest of the husband and wife in property held by them as joint tenants with rights of survivorship, or as tenants by the entirety, for which no provision whatsoever has been made in the judgment, or which is not partitioned as provided by this section, shall, from the date the judgment is filed with the clerk of the superior court in which the action is instituted, be held by the parties as tenants in common.
H.  The judgment may direct that property theretofore held by the parties in joint tenancy, or tenancy by the entirety, shall, after entry of the judgment, continue to be so held if both parties have in writing requested the court to so provide in its judgment."

ly, only equitably. Only where this discretion has been abused will this Court interfere. Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648; Reed v. Reed, 82 Ariz. 168, 309 P.2d 790; Honig v. Honig, 77 Ariz. 247, 269 P.2d 737." (104 Ariz. at 23, 448 P.2d at 79).

This is clear because the three cases relied upon in Nace: Matlow v. Matlow, Reed v. Reed, and Honig v. Honig, supra, all deal with the equitable distribution of *community* property, and not with separate, joint, or common property interests. This is made doubly clear in its later decision in Proffit v. Proffit, 105 Ariz. 222, 462 P.2d 391 (1969) where the Court said:

> "We agree that the divorce court, in pronouncing a divorce decree, has no authority to compel either party to divest himself or herself of *title* to separate property. See A.R.S. § 25–318, subsec. A, and Porter v. Porter, 67 Ariz. 273, 285, 195 P.2d 132, 140 (1948). . . ." (105 Ariz. at 224, 462 P.2d at 393).

*Cf.* Wick v. Wick, 107 Ariz. 382, 489 P.2d 19 (1971). Furthermore, at common law concurrent estates of joint tenancy and tenancy in common were divided by partition and this manner of division is specifically retained in Arizona by the legislature and incorporated specifically into A.R.S. § 25–318, as amended.

■ The foregoing analysis also applies to the other property acquired by the parties as joint tenants, as the evidence concerning these properties, both real and personal, is of the same quality as the evidence concerning the Yuma real property. Thus, the trial court's award of title to these joint tenancy properties to plaintiff as his sole and separate property was likewise error.

■ Defendant also questions the trial court's award of $50 per month alimony for a period of one year. Generally, the question of alimony, and the amount thereof, is left to the trial court's discretion. DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966). Many factors are to be considered as outlined in Norton v. Norton, 101 Ariz. 444, 420 P.2d 578 (1966), and defendant must show a clear abuse of discretion before this Court will interfere.

There has been no such showing here and we can find no error in this regard.

■ Finally, defendant contends that the trial court's denial of her motion for new trial on grounds of newly discovered evidence was error. The granting or denial of a motion for new trial is addressed to the sound discretion of the trial court. McClennen v. McClennen, 11 Ariz.App. 395, 464 P.2d 982 (1970). Appellant's "new evidence" lacks substance. It is to the effect that before the suit was filed defendant followed the plaintiff to a certain house and when plaintiff saw her he ran away. In addition, the defendant alleges that over a year after trial and judgment of divorce, the defendant spoke with an unidentified woman on the telephone who said she planned to marry plaintiff. This evidence is clearly an insufficient basis upon which to grant a new trial.

For the reasons stated, this case is affirmed in part and reversed in part and remanded to the trial court for a proper distribution of the property held by the parties as tenants in common and as joint tenants, with right of survivorship, not inconsistent with this opinion.

HAIRE, C. J., and JACOBSON, J., concur.